

**In The**
**Court of Appeals**
**Sixth Appellate District of Texas at Texarkana**

_____

No. 06-11-00015-CV

_____

LARRY SANDERS, Appellant

V.

DAVID WOOD, D/B/A WOOD ENGINEERING COMPANY, Appellee

On Appeal from the County Court at Law II
Gregg County, Texas
Trial Court No. 2007-2212CCL2

Before Morriss, C.J., Carter and Moseley, JJ.
Opinion by Justice Carter

OPINION

## I. Facts and Procedural Background

David Wood, a professional engineer, prepared plans for land development at the request of Larry Sanders. Sanders paid Wood $123,714.00, but refused to pay the balance of $11,473.50. Wood sued Sanders and alleged he was entitled to the additional sum based on breach of contract, quantum meruit, and promissory estoppel. Sanders counterclaimed, seeking not only to avoid paying the last invoice, but also seeking to recover $53,038.56—the cost of hiring a different firm to redo the engineering job. Sanders alleged that the plans prepared by Wood were not economically feasible for use and Wood's design for the project would cost $350,000.00 more than the design of the other engineer. Wood filed a motion to dismiss Sanders' counterclaim alleging that Sanders failed to file a certificate of merit affidavit as required by Section 150.002 of the Texas Civil Practice and Remedies Code. The trial court granted in part and denied in part the motion to dismiss, ruling that Sanders' counterclaim would be limited as an offset to any award to Wood.

Both parties have filed an interlocutory appeal of the trial court's ruling. Sanders argues the trial court erred in limiting the counterclaim to an offset of Wood's claim. Wood's appeal argues the trial court erred in failing to dismiss the counterclaim in its entirety because Sanders

2

filed no certificate of merit as required by statute. TEX. CIV. PRAC. & REM. CODE ANN. § 150.002 (West 2011).[1]

## II. Standard of Review

The ruling is immediately appealable as an interlocutory order. TEX. CIV. PRAC. & REM. CODE ANN. § 150.002(f). However, in conducting such a review, we may only address the subject of that order, and may not stray into any review of the merits of the case.[2] In reviewing the trial court's ruling, courts have concluded that we apply the traditional abuse of discretion standard, based on the fact that the predecessor to this recodification was subject to such a type of review. *Natex Corp. v. Paris Indep. Sch. Dist.*, 326 S.W.3d 728, 732 (Tex. App.—Texarkana 2010, no pet.); *Palladian Bldg. Co. v. Nortex Found. Designs*, *Inc.*, 165 S.W.3d 430, 433 (Tex. App.—Fort Worth 2005, no pet.). The trial court abuses its discretion when it acts arbitrarily or unreasonably, or without reference to any guiding rules or principles. *Downer v. Aquamarine Operators*, *Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985). A trial court decision that incorrectly determines what the law is or misapplies the law to facts will also constitute an abuse of discretion. *Natex Corp.*, 326 S.W.3d at 731–32.

---

[1]We note that a number of other matters are also posed which may not be reached by this Court in this appeal from the ruling on jurisdiction. Sanders filed an amendment to his answer and counterclaim adding a claim for slander of title based on a mechanic's and materialmen's lien filed on the title by Wood. Both parties agree that the slander of title claim is not subject to the certificate of merit requirement.

[2]*City of Dallas v. First Trade Union Sav. Bank*, 133 S.W.3d 680, 686 (Tex. App.—Dallas 2003, pet. denied) (holding that, in interlocutory appeal regarding city's plea to the jurisdiction, court could not address city's argument that bank's claims against city failed as a matter of law because court may not reach the merits of the claims in determining plea to the jurisdiction).

**III.     Is a Certificate of Merit Required?**

The issue is whether the "certificate of merit" statute applies in this suit, and if its absence requires the suit to be dismissed in its entirety.

**A.     The Statute**

The governing statute is the version of Section 150.002(f) of the Texas Civil Practice and Remedies Code that was in effect when this suit was brought in 2007.  It has since been substantively amended in a manner that directly impacts the issues here raised.  The statute, in relevant part, reads as follows:

> (a) In any action or arbitration **proceeding for damages arising out of the provision of professional services** by a design professional, the plaintiff shall be required to **file with the complaint an affidavit** of a third-party licensed architect or licensed professional engineer competent to testify, holding the same professional license as, and practicing in the same area of practice as the defendant, **which affidavit shall set forth specifically at least one negligent act, error, or omission claimed to exist and the factual basis for each such claim.**  The third-party professional engineer or licensed architect shall be licensed in this state and actively engaged in the practice of architecture or engineering.
>
> . . . .
>
> (d) The plaintiff's failure to file the affidavit in accordance with Subsection (a) or (b) shall result in dismissal of the complaint against the defendant.  This dismissal may be with prejudice.
>
> (e) An order granting or denying a motion for dismissal is immediately appealable as an interlocutory order.
>
> . . . .
>
> (g) This statute does not apply to any suit or action for the payment of fees arising

4

out of the provision of professional services.

Act of May 18, 2005, 79th Leg., R.S., ch. 208, § 2, 2005 Tex. Gen. Laws 369, 370 (amended 2009) (current version at TEX. CIV. PRAC. & REM. CODE ANN. § 150.002(a), (b) (West 2011) (emphasis added).

Wood filed suit on October 2, 2007. Sanders filed a counterclaim alleging that Wood had breached his contract (failure of consideration) by developing plans that were "economically unfeasible" and "were not the quality of services to which he was entitled and for which he paid." Sanders argues he was not required to file a certificate of merit because he has brought non-negligence claims arising out of engineering fees.

Wood argues that we should follow the first part of the first paragraph of the statute, while disregarding other portions of the statute. Section (a) of the statute requires a certificate of merit for any action, for damages, arising out of the provision of professional services by a licensed or registered professional. He then alternatively argues that we should disregard the final paragraph—which contains the "dispute over fees" language, and find that the trial court abused its discretion by failing to dismiss the entire Sanders counterclaim.

**B.     Authorities**

This Court and the majority of Texas Courts of Appeals that have addressed whether Section 150.002 requires a certificate of merit only in relation to negligence claims have held that (in the version applicable between September 1, 2005 and August 31, 2009) the statute required

5

the affidavit only in cases involving "negligence or claims based on negligent acts." *Natex Corp.*, 326 S.W.3d at 733; *see also Curtis & Windham Architects*, *Inc. v. Williams*, 315 S.W.3d 102, 108 (Tex. App.—Houston [1st Dist.] 2010, no pet.); *Parker County Veterinary Clinic v. Batenhorst*, *Inc.*, No. 02-08-380-CV, 2009 WL 3938051, at *3 (Tex. App.—Fort Worth Nov. 19, 2009, no pet.) (mem. op.); *Landreth v. Las Brisas Council of Co-Owners*, *Inc.*, 285 S.W.3d 492, 500 (Tex. App.—Corpus Christi 2009, no pet.); *Kniestedt v. Sw. Sound & Elecs., Inc.*, 281 S.W.3d 452, 455 (Tex. App.—San Antonio 2007, no pet.).

The Austin court has recently reversed its own prior opinion and held otherwise. *S & P Consulting Eng'rs v. Baker*, 334 S.W.3d 390, 404 (Tex. App.—Austin 2011, no pet.). Relying on the 2009 legislative history to read into the intent of the 2005 and 2009 amendments, the Austin Court in *S & P Consulting Engineers* overruled its own previous opinion by holding that a certificate of merit is required "in any action for damages arising out of the provision of professional services by a design professional—not just in actions alleging negligence." 334 S.W.3d at 404. In doing so, it decided that the application of the rules of grammar to the "negligent act, error or omission" language in (a) was inappropriate when that application did not appear to be consistent with the result desired by the first sentence of (a) (proceeding out of the provision of professional services).

This disagreement stems from the 2005 amendments made to the statute. The amendment removed language from Section 150.002(a) explicitly limiting the certificate of merit requirement

to actions alleging professional negligence and requiring a certificate in "any action or arbitration proceeding for damages arising out of the provision of professional services." Act of May 18, 2005, 79th Leg., R.S., ch. 208, § 2, 2005 Tex. Gen. Laws 369, 370 (amended 2009); *S & P Consulting Eng'rs*, 334 S.W.3d at 399. However, the legislature left unchanged the language of Section 150.002(a) requiring the certificate to allege "at least one negligent act, error, or omission." Act of May 18, 2005, 79th Leg., R.S., ch. 208, § 2, 2005 Tex. Gen. Laws 369, 370 (amended 2009); *S & P Consulting Eng'rs*, 334 S.W.3d at 399. The *Parker County* court made a compelling argument for applying the law only to negligence claims by pointing out that requiring a certificate setting forth "at least one negligent act, error, or omission" where there is no negligence claim would "require an affidavit that had no relevance to the suit and would render the statute meaningless." 2009 WL 3938051, at *3. The *S & P Consulting Engineers* court chose to rectify this apparent contradiction by disregarding a grammatical rule of construction and deciding that the adjective "negligent" only modified "act," rather than "act, error, or omission" in Section 150.002(a). 334 S.W.3d at 403 (allowing a certificate to delineate either a negligent "act" or in a non-negligence case the "error or omission"). This allowed the court to reconcile the conflict between the apparent meaning of the plain language and what that court believed the Legislature intended. *Id.*

We find the Austin court's reasons for the reversal of its position unpersuasive. We will not utilize the legislative history for a later statutory amendment to determine why an earlier,

7

different Legislature had taken a particular act. We also note that the rules of grammar, in a profession based upon the use of words, are neither unimportant nor to be ignored. We therefore continue to hold that under the September 1, 2005, version of the statute, the certificate of merit requirement applies only to negligence claims. *Natex Corp.*, 326 S.W.3d at 733.

### C. Does the Counterclaim Involve Tort or Contract?

This Court, following precedent from other Texas appellate courts, has held that this statute "applies only to negligence claims and not to claims based on contract." *Id.* If this statute does not apply, Sanders was not required to file a certificate of merit and his counterclaim should be allowed to proceed in its entirety. The question before us is whether the allegations in Sanders' counterclaim are based on the negligence of Wood or only on contractual obligations.

We do not address this issue in a vacuum. The Texas Supreme Court has repeatedly analyzed the distinction between torts and contracts.

> Over the last fifty years, this Court has analyzed the distinction between torts and contracts from two different perspectives. At first, we merely analyzed the source of the duty in determining whether an action sounded in tort or contract. For instance, in *International Printing Pressmen & Assistants' Union v. Smith*, 145 Tex. 399, 198 S.W.2d 729, 735 (Tex. 1946), this Court held that "an action in contract is for the breach of a duty arising out of a contract either express or implied, while an action in tort is for a breach of duty imposed by law." *Id.* (quoting 1 C.J.S. Actions § 44).

> Later, we overlaid an analysis of the nature of the remedy sought by the plaintiff. In *Jim Walter Homes*, *Inc. v. Reed*, 711 S.W.2d 617 (Tex. 1986), we recognized that, while the contractual relationship of the parties could create duties under both contract law and tort law, the "nature of the injury most often determines which duty or duties are breached. When the injury is only the

8

economic loss to the subject of a contract itself, the action sounds in contract alone." *Id.* at 618. Because a mere breach of contract cannot support recovery of exemplary damages, and because the plaintiffs did not "prove a distinct tortious injury with actual damages," we rendered judgment that the plaintiffs take nothing on their exemplary damages claim. *Id.*

*Formosa Plastics Corp. v. Presidio Eng'r*, 960 S.W.2d 41, 45 (Tex. 1996).

The result provides two factors to review in determining the nature of an action. Under *Formosa*, we consider (1) the source of the duty owed to plaintiff (was it based merely on the contract and (2) the nature of the remedy sought (economic loss to the subject of the contract means the action sounds in contract).

In *Natex,* the Paris Independent School District (PISD) contracted with Natex to prepare architectural designs for renovations and new construction of school buildings. Written contracts were entered on each of the seven buildings and a new stadium. PISD gave Natex notice of termination of the contracts for failure to provide documents for approval, failure to provide a schedule, and for requests for payment for which it was not entitled. PISD filed suit alleging Natex had breached the contracts. PISD alleged various violations of the contracts and the plans produced were "unusable." *Natex*, 326 S.W.3d at 733. PISD later amended its suit—clearly adding negligence claims—and filed a certificate of merit at that time. *Natex* alleged PISD should have filed such a certificate with the original suit. In *Natex,* we held that the requirement of a certificate of merit applied only to negligence claims, not claims based on contract. *Id.*

In determining whether PISD had an obligation to file the certificate with the original

9

petition, we undertook to decipher if the original claim was for negligence or only for contractual violations. *Natex* argued that the original petition alleged negligence actions when it asserted that the work of *Natex* was "untimely" and "unusable." We recognized that we were not bound by the labels of the pleadings and looked to the body of the pleadings to determine what the claim asserted. Applying the Texas Supreme Court's analysis, we looked to see whether the causes of action asserted arose only from a violation of a duty imposed by law (tort) or from a duty imposed by contract. In that case, the duty was imposed by contract. *Id.*

In our analysis, we recognized that a contractual relationship between the parties may create duties under both contract and tort law, and the party may breach either or both duties. *Id.* (citing *Parker County Veterinary Clinic, Inc.*, 2009 WL 3938051). We found that even though PISD alleged the plans were so "untimely" and "unusable" and "out of touch" with the available budget that they could not be used, the basic duty flowed from the contract between the parties. We further discussed that the parties had a written contract that governed and included specific provisions, whereas in *Ashkar Eng'g Corp. v. Gulf Chem. & Metallurgical Corp.*, No. 01-09-00855-CV, 2010 Tex. App. LEXIS 769 (Tex. App.—Houston [1st Dist. ] Feb. 4, 2010) the parties had no written contract, and no specific provision of a contract giving rise to specific duties to adequately design, engineer, etc. were alleged. (In *Ashkar* the court held that the pleadings of contract violations included "failing to adequately monitor the work," "failure . . . to properly supervise," "or properly test," which the court found mirrored the negligence claims).

10

The damages sought in *Natex* were consequential damages and attorney's fees recoverable in a contract action. The damages sought in *Ashkar* were for repairs and remediation, not economic loss related directly to the subject of the contract, which suggested the claims did not sound in contract. *Id.* at *28. So in *Ashkar*, the claims were for negligence and the failure to file the certificate required dismissal. *Id.* at *24.

In this case, there is no written contract. The complaint is similar to that in the *Natex* case in that both allegations were that the plans as drawn were unusable and were not economically feasible for the project. We recognize that a contractual relationship may create duties under both contract and tort law. In many cases, the nature of the remedy is instructive. *Natex*, 326 S.W.3d at 734. The allegations in the counterclaim were that the plans by Wood made the proposed project economically unfeasible, which required Sanders to hire another firm to revise the plans. Sanders does not allege the plans were prepared negligently or without due care, but that the plans were so economically impractical as to be unusable for the project. Woods performed the job based solely on the agreement of the parties. These pleadings, even though there is no written contract, appear to be of a contractual nature.

The second issue is the nature of the remedy sought (economic loss to the subject of the contract means the action sounds in contract). In *Natex*, we noted that the damages sought were consequential damages for the increased costs of construction due to the breach. *Id.* at 730. Here, we review the court's ruling based on the pleadings and evidence before it at the time of the

11

hearing, on January 13, 2011. *See City of Houston v. O'Fiel*, No. 01-08-00242-CV, 2009 Tex. App. LEXIS 630 (Tex. App.—Houston [1st Dist.] Jan. 29, 2009, pet. denied) (mem. op.). In the first amended counterclaim, Sanders alleged that he and Wood had an agreement that he would prepare engineering and surveying for the project and that after it was completed, the projected cost as prepared was so high as to make the project economically unfeasible. Sanders hired another firm, which revised the plans (which were approved by the City), resulting in a $356,498.00 decrease in the cost of the project. A fair reading of the counterclaim reflects that Sanders alleged the services provided under the agreement were

> not the quality of services to which he was entitled and for which he paid. Counter-Plaintiff had every reason to expect that Counter-Defendant's plans could be used for the proposed project and that when used, the project would be economically feasible.
>
> Counter-Plaintiff has been damaged by having to pay Dunn Engineering for services which he should not have had to pay. His damages exceed $53,038.56 for which he sues Counter-Defendant.

We find the relief requested is based on an alleged breach of contract. Although inartfully worded, the pleadings quoted above seek recovery that could be based on a type of breach of warranty (which is in this context clearly based upon the contractual agreement), a failure of consideration, and a failure to provide the agreed-upon type of plans. The damages sought are consequential damages of being required to employ an additional engineer to prepare plans that

12

allow the project to be economically feasible.[3]

Thus, both the source of duty and the type of relief sought are based in application of contract law rather than tort law, and this action was therefore not properly dismissible for failure to file a certificate of merit.

We emphasize that we do neither by this opinion express any view as to the ultimate terms of this apparent oral agreement as they may be proven to exist, nor do we express any view as to which party (if either) may be able to recover on their respective claims.

**D**.     **Is This a Suit for Payment of Fees?**

Section 150.002(g) has an explicit exception stating that a certificate of merit is not required for lawsuits involving payment of fees arising out of the provision of professional services.[4]   Wood and Sanders both appeal from the trial court's ruling regarding the "payment of fees" exception.   The trial court found that Sanders' counterclaim was limited to an offset against Wood's recovery.   Sanders argues that the entire matter is a suit for the collection of fees for professional services and therefore no certificate of merit is required.   Wood argues that the court erred in allowing Sanders to assert any claim or offset.

If the suit is one for the payment of fees, a certificate of merit is not required.   We have

---

[3]"When the injury is only the economic loss to the subject of a contract itself, the action sounds in contract alone." *Jim Walter Homes, Inc. v. Reed*, 711 S.W.2d 617, 618 (Tex. 1986).

[4]Wood's lawsuit against Sanders is couched solely as an attempt to obtain fees due but unpaid, and is based on their contract.   Although some types of potential relief under equitable theories of relief are set out, they all revolve around the attempt to recover his fees under some theory of law.

already concluded that the statute does not require filing a certificate because the counterclaim involves contractual claims, not negligence. Therefore, Sanders was not required to file a certificate of merit regardless of whether this case is classified as a suit over the payment of professional fees or not. Consequently, we do not address that issue.

We reverse the trial court's order limiting Sanders' counterclaim as an offset only and remand for further proceedings consistent with this opinion.


Jack Carter
Justice


Date Submitted: July 27, 2011
Date Decided: August 12, 2011

14