JJW DEVELOPMENT, L.L.C. and John J. Wingfield, Jr., Appellants

v.

STRAND SYSTEMS ENGINEERING, INC., Appellee.

No. 05–10–01359–CV.

Court of Appeals of Texas, Dallas.

Aug. 24, 2012.

Daniel R. McCabe, Russell H. Daniels, Carl J. Wilkerson, The Bush Firm, P.C., Arlington, TX, for Appellants.

John A. Scully, Katherine Lynn McClelland, Jack Allison Walters, Michelle E. Robberson, Cooper & Scully, P.C., Dallas, TX, for Appellee.

Before Justices MORRIS, MOSELEY, and LANG–MIERS.

## OPINION

Opinion By Justice LANG–MIERS.

This is an appeal from the trial court's order dismissing with prejudice claims by JJW Development, L.L.C. and John J. Wingfield, Jr. against Strand Systems Engineering, Inc. In two issues, JJW and Wingfield argue that the trial court erred because it interpreted former section 150.002 of the civil practice and remedies code to mean that they had to file a certificate of merit for their breach of contract claim and by dismissing their breach of contract claim on the pleadings.[1] We reverse the trial court's order and remand the case to the trial court for further proceedings.

### BACKGROUND

Homeowner Wingfield and builder JJW sued foundation contractor Ramer Concrete, Inc. for negligence, breach of contract, and violations of the Texas Deceptive Trade Practices Act arising from a cracked foundation built by Ramer for

---

1. The 2005 version of section 150.002 applies here. Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 20.01, 2003 Tex. Gen. Laws 847, 896–97, *amended by* Act of May 12, 2005, 79th Leg., R.S., ch. 189, § 2, 2005 Tex. Gen. Laws 348, 348 (effective May 27, 2005), *and* Act of May 18, 2005, 79th Leg., R.S., ch. 208, § 2, 2005 Tex. Gen. Laws 369, 369–70 (effective September 1, 2005). In 2009, the legislature again amended section 150.002. Act of May 29, 2009, 81st Leg., R.S., ch. 789, §§ 2–4, 2009 Tex. Gen. Laws 1991, 1991–92 (effective September 1, 2009). But, because this case was filed prior to the effective date of the 2009 amendments, those amendments do not apply. All references in this opinion to section 150.002 are to the 2005 version of the statute.

Wingfield's home. JJW and Wingfield added Strand as a defendant in their second amended petition, asserting claims of negligence and breach of contract against Strand. They contended Strand—whom they alleged designed the foundation and had the responsibility to inspect it prior to pouring—"failed to perform any type of meaningful or adequate pre-pour inspection" of the foundation. Citing section 150.002(b), JJW and Wingfield also stated they would "file the required Certificate of Merit within thirty (30) days." TEX. CIV. PRAC. & REM.CODE ANN. § 150.002(b) (granting a plaintiff thirty days after filing complaint to file a certificate of merit if the period of limitation will expire within ten days of filing the complaint).[2] They did not do so.

Strand filed a motion to dismiss with prejudice, contending that "[t]he claims against Strand are based upon alleged negligence in the practice of engineering by Strand" and that JJW and Wingfield did not file a certificate of merit with their second amended petition as required by chapter 150 of the civil practice and remedies code. See id. § 150.002. Strand argued that, under section 150.002(d), "all of Plaintiffs' claims against Strand should be dismissed with prejudice, as Plaintiff[s] failed to file a Certificate of Merit with their initial pleading against Strand." See id. § 150.002(d).

JJW and Wingfield filed their third amended petition, alleging only the following breach of contract claim against Strand:

### Breach of Contract—SSE

SSE undertook the contractual obligation to conduct a pre-pour inspection of the pad. One required element of the pre-pour inspection is to measure the depth of slab to ensure that when the concrete is placed that the slab will be of the proper thickness as set forth in the applicable plans and specifications. The plans and specifications prepared by SSE required a 4″ thick slab. As part of its pre-pour inspection obligations, SSE owed a contractual duty to the Plaintiffs to measure the depth of the slab. This duty arises out of the SSE pre-pour inspection contract (express or implied). SSE did not measure the depth of the slab.

SSE breached the contract by failing to measure the depth of the slab. SSE's breach caused the Plaintiffs to suffer damages, including cracking to the interior and exterior floors and walls and damage to the plumbing system. Plaintiff [sic] has suffered diminution in value of the residence because of the need for repairs. Plaintiff [sic] will suffer loss of use and other damages due [to] the necessary repairs. The losses and damages sustained by Plaintiffs as a result of SSE's breach of contract are to the subject matter of the contract, i.e. the foundation and elements related to the foundation.

They alleged that "[i]t [wa]s factually impossible for [Strand] to have actually measured the depth of the slab given the as-built thickness of the concrete."

In response to Strand's motion to dismiss, JJW and Wingfield argued that, because they amended their petition and dismissed their negligence claim, Strand's motion to dismiss was moot. They also contended that the court should deny Strand's motion to dismiss because chapter 150 applies only to negligence claims, not to claims for breach of contract, so the requirement for a certificate of merit does not apply to JJW and Wingfield's breach of contract claim against Strand.

**2.** JJW and Wingfield do not argue on appeal     that section 150.002(b) applies.

The court granted Strand's motion to dismiss with prejudice. JJW and Wingfield filed a Motion to Reconsider and/or for New Trial, which was denied. This appeal followed.

## STANDARD OF REVIEW

■ We review an order granting a chapter 150 motion to dismiss under an abuse of discretion standard. *Belvedere Condos. at State Thomas, Inc. v. Meeks Design Grp., Inc.*, 329 S.W.3d 219, 220 (Tex.App.-Dallas 2010, no pet.). An abuse of discretion occurs when the trial court acts in an unreasonable and arbitrary manner or without reference to any guiding rules or principles. *Id.*

■ We review the trial court's construction and application of a statute de novo. *Id.*; *DLB Architects, P.C. v. Weaver*, 305 S.W.3d 407, 409 (Tex.App.-Dallas 2010, pet. denied). We are guided by a number of principles when we construe statutes. Our primary objective when construing a statute is to discern and give effect to the legislature's intent. *TGS–NOPEC Geophysical Co. v. Combs*, 340 S.W.3d 432, 439 (Tex.2011). To discern the legislature's intent, we begin with the statute's words. *Id.* If a statute uses a term that has a particular meaning or assigns a particular meaning to that term, we are bound by the statutory usage. *Id.* Statutory terms that are undefined are typically given their ordinary meaning, but if a more precise or a different definition is apparent from the use of the term in the context of the statute, we apply that meaning. *Id.* If the statute is unambiguous, we interpret the statute according to its plain language unless such an interpretation would lead to absurd results. *Id.* We con-

sider a statute as a whole, rather than by its isolated provisions. *See id.* "We presume that the Legislature chooses a statute's language with care, including each word chosen for a purpose, while purposefully omitting words not chosen." *Id.*

## ANALYSIS

The parties agree that the following language from the 2005 version of section 150.002 applies:

§ 150.002 Certificate of Merit.

(a) In any action or arbitration proceeding for damages arising out of the provision of professional services by a licensed or registered professional, the plaintiff shall be required to file with the complaint an affidavit of a third-party licensed architect, registered professional land surveyor, or licensed professional engineer competent to testify, holding the same professional license as, and practicing in the same area of practice as the defendant, which affidavit shall set forth specifically at least one negligent act, error, or omission claimed to exist and the factual basis for each such claim. The third-party professional engineer, registered professional land surveyor, or licensed architect shall be licensed in this state and actively engaged in the practice of architecture, surveying, or engineering.

. . . .

(d) The plaintiff's failure to file the affidavit in accordance with Subsection (a) or (b) shall result in dismissal of the complaint against the defendant. This dismissal may be with prejudice.[3]

---

**3.** Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 20.01, 2003 Tex. Gen. Laws 847, 896–97, *amended by* Act of May 12, 2005, 79th Leg., R.S., ch. 189, § 2, 2005 Tex. Gen. Laws 348, 348 (effective May 27, 2005), *and* Act of May 18, 2005, 79th Leg., R.S., ch. 208, § 2, 2005 Tex. Gen. Laws 369, 369–70 (effective September 1, 2005) (amended 2009).

### Which Pleadings Do We Review?

Strand argues that the trial court correctly dismissed the case because former section 150.002(a) requires a certificate of merit to accompany the first-filed complaint against a professional asserting claims for damages arising out of the provision of professional services, which in this case was the second amended petition. Strand also contends that JJW and Wingfield's breach of contract claim, which was in the second amended petition, was a recast negligence claim, so that a certificate of merit was required for both the negligence and breach of contract claims. Strand argues that, because JJW and Wingfield did not file a certificate of merit to support these claims when they filed the second amended petition, the trial court correctly dismissed the claims alleged against Strand in the second amended petition.

In response, JJW and Wingfield argue that "the statute's plain language is grounded by courts' construction of 'complaint' to mean the live pleadings at the time of the trial court's ruling/dismissal order." They argue that the court should look at the third amended petition to determine whether the case must be dismissed under section 150.002. They contend that they are entitled to freely amend their pleadings and that, if the court adopts Strand's argument, they would not be able to amend their pleadings to add claims they discover after they file the original complaint. They argue that any rule that forces them to allege all possible claims in the original pleading promotes frivolous pleading. They also contend that applying the statute to a previous pleading conflicts with the rule of civil procedure that an amended pleading supersedes a previous version and case law holding that causes of action not in an amended pleading are effectively dismissed. *See* Tex.R. Civ. P. 65; *FKM P'ship, Ltd. v. Bd. of Regents of Univ. of Houston Sys.*, 255 S.W.3d 619, 633 (Tex.2008).

Section 150.002 requires a party to file a certificate of merit when it files a complaint that asserts a claim for damages arising out of the provision of professional services by a licensed or registered professional. Tex. Civ. Prac. & Rem.Code Ann. § 150.002(a), (b); *see Pakal Enters., Inc. v. Lesak Enters., L.L.C.*, 369 S.W.3d 224, 228 (Tex.App.-Houston [1st Dist.] 2011, pet. denied); *DLB Architects*, 305 S.W.3d at 411 (stating appellees required to file certificate "at the time they filed their complaint"); *Sharp Eng'g v. Luis*, 321 S.W.3d 748, 752 (Tex.App.-Houston [14th Dist.] 2010, no pet.) (holding that former "section 150.002 requires a plaintiff to file a certificate of merit with the first-filed complaint asserting a negligence claim against a professional"); *Ashkar Eng'g Corp. v. Gulf Chem. & Metallurgical Corp.*, No. 01–09–00855–CV, 2010 WL 376076, at *3 (Tex. App.-Houston [1st Dist.] Feb. 4, 2010, no pet.) (mem. op.). In this case, the second amended petition contained the first complaints against Strand.

The second amended petition, however, was superseded by the third amended petition and the third amended petition was the live pleading when the court ruled on the motion to dismiss. We consider the live pleadings at the time of the trial court's ruling on the motion to dismiss to determine whether and how section 150.002 applies. *See TDIndustries, Inc. v. Rivera*, 339 S.W.3d 749, 753 (Tex.App.-Houston [1st Dist.] 2011, no pet.) (looking at live pleadings at the time of the trial court's order on the motion to dismiss "to determine whether ... claims ... fall within the scope of Chapter 150" and stating that, if chapter 150 applies to those claims, the court will address arguments that a party "was required to file a certifi-

cate of merit with his original petition and, by failing to do so, is barred from filing claims ... in subsequent petitions"); *UOP, L.L.C. v. Kozak,* No. 01–08–00896–CV, 2010 WL 2026037, at \*3 (Tex.App.-Houston [1st Dist.] May 20, 2010, no pet.) (mem. op.); *CH2M Hill Trigon, Inc. v. J7 Contractors, Inc.,* No. 10–10–00058–CV, 2010 WL 3619898, at \*7–8 (Tex.App.-Waco Sept. 15, 2010, no pet.) (mem. op.) (considering complaints stated in second amended petition to determine whether certificate of merit required when suit filed). Consequently, we review JJW and Wingfield's breach of contract claim against Strand in the third amended petition to determine whether the certificate of merit requirement in section 150.002 applies to that claim.

### What Claims Require a Certificate of Merit under Former Section 150.002?

■ JJW and Wingfield argue that the trial court misconstrued section 150.002 to require a certificate of merit for the breach of contract claim they alleged against Strand in their third amended petition. They argue that the plain language of the former statute requiring that a certificate of merit recite "at least one negligent act, error, or omission claimed to exist and the factual basis for each such claim" means that the requirement for a certificate of merit applies only to negligence claims, and to require a certificate of merit for non-negligence claims would render that statutory requirement meaningless. They contend that a "straightforward reading of that requirement leads to the conclusion that the adjective 'negligent' modifies the three nouns 'act,' 'error,' and 'omission' that are connected by the con-

junction 'or.' " JJW and Wingfield argue that the trial court apparently misconstrued the statute to (1) reflect legislative intent to "boot the case early" if it does not fit the requirements of the statute; (2) require proof of a written contract to support their breach of contract claim; and (3) authorize the trial court to disregard their breach of contract claim and determine that it is a recast professional negligence claim. They contend that the plain language of section 150.002 does not reflect legislative intent to support any of these three statutory constructions. They argue that if the court construed the statute based on any of these constructions, the court wrongly dismissed their claim against Strand.

Strand argues that JJW and Wingfield's allegations in their third amended petition triggered a requirement for a certificate of merit because the breach of contract claim in the third amended petition "arose out of Strand's provision of professional services and implicated Strand's exercise of professional judgment in connection with the pre-pour inspection." Strand contends that, because there is no written contract, "the engineer's obligations as to a pre-pour inspection are governed by industry standards." Strand argues, and at the hearing on the motion to dismiss, Strand argued and the judge indicated, that because the contract was not a written contract but was an alleged express oral or implied contract, JJW and Wingfield would have to present expert testimony to establish what contract terms were common in the industry so that the court could determine what the terms were here and whether the claim had merit.[4]

4. Strand also argues that, because JJW and Wingfield later provided the trial court with the pre-pour inspection report that Strand prepared, their introduction of the report shows that the "real issue" is not whether

Strand performed the inspection or not, but whether it conducted the pre-pour inspection adequately. JJW and Wingfield discussed this report in and attached the report to their motion for reconsideration, and also stated in

Alternatively, Strand argues that "Texas law supports the trial court's interpretation of the statute," particularly in light of an en banc decision by the Austin Court of Appeals rendered after the trial court's decision in this case. *See S & P Consulting Eng'rs, PLLC v. Baker*, 334 S.W.3d 390, 399–404 (Tex.App.-Austin 2011, no pet.) (en banc). Strand argues that, under the *S & P* analysis, the 2005 version of section 150.002 applies to all claims arising out of the services of a design professional, not just negligence claims and, as a result, section 150.002 required JJW and Wingfield "to file a certificate of merit asserting a negligent act, an error, or an omission and the factual basis for each."

The trial court order does not indicate the basis on which the court granted Strand's motion to dismiss. Although the parties present various suppositions as to how the court may have construed or misconstrued section 150.002, we focus on the narrower question of whether the breach of contract claim in the third amended petition is a claim requiring a certificate of merit under the statute. *See TDIndustries*, 339 S.W.3d at 755 (focusing on whether claim pled fit the language of section 150.002 "because this is the test for application of the certificate of merit requirement stated in the statute").

We follow the majority of Texas courts of appeals and conclude that, because the 2005 version of the statute requires a certificate of merit to "set forth specifically at least one negligent act, error, or omission[,]" that version of section 150.002 requires a certificate for negligence claims, and not for non-negligence claims. *See Sanders v. Wood*, 348 S.W.3d 254, 257–58 (Tex.App.-Texarkana 2011, no pet.); *Curtis & Windham Architects, Inc. v. Williams*, 315 S.W.3d 102, 107–08 (Tex.

App.-Houston [1st Dist.] 2010, no pet.); *Parker Cnty. Veterinary Clinic, Inc. v. GSBS Batenhorst, Inc.*, No. 02–08–380–CV, 2009 WL 3938051, at *3 (Tex.App.-Fort Worth Nov. 19, 2009, no pet.) (mem. op.); *Landreth v. Las Brisas Council of Co-Owners, Inc.*, 285 S.W.3d 492, 500 (Tex.App.-Corpus Christi 2009, no pet.); *Kniestedt v. Sw. Sound & Elecs., Inc.*, 281 S.W.3d 452, 455 (Tex.App.-San Antonio 2007, no pet.).

Although the Austin Court of Appeals previously concluded—like other Texas courts of appeals—that section 150.002 applied only to negligence claims, that court recently reversed its position to hold that the statute requires a certificate of merit for negligence and non-negligence claims. *S & P Consulting*, 334 S.W.3d at 404. The Austin court based its decision on its reading of the 2005 amendments to section 150.002(a), which omitted language requiring a certificate of merit only in actions alleging professional negligence and inserted broader language requiring a certificate in "any action or arbitration proceeding for damages arising out of the provision of professional services" but did not change the requirement that the certificate allege "at least one negligent act, error, or omission." Act of May 18, 2005, 79th Leg., R.S., ch. 208, § 2, 2005 Tex. Gen. Laws 369, 370 (amended 2009); *S & P Consulting*, 334 S.W.3d at 399.

The Austin court concluded that decisions by other courts of appeals limiting the certificate of merit requirement to negligence cases were incorrect, and overruled its previous holding in *Consolidated Reinforcement, L.P. v. Carothers Executive Homes, Ltd.*, 271 S.W.3d 887, 893 (Tex. App.-Austin 2008, no pet.), that "negligence" modifies "act," "error," and "omis-

their motion that they disputed whether "the inspection in question was performed." But

here we address the nature, not the merits, of the claim.

sion" in the statute. *S & P Consulting,* 334 S.W.3d at 402–04. The Austin court stated that another interpretation more accurately reflected the statute's plain language and the legislature's intent: that negligence modifies only "act," and not "error" or "omission." *Id.* at 402–04. Using this interpretation, the court concluded that, "under the 2005 amendments, a certificate of merit had to be filed in any action for damages arising out of the provision of professional services by a design professional—not just in actions alleging negligence—and the certificate of merit must specify (1) a negligent act, (2) an error, or (3) an omission, on which the claim is based." *Id.* at 404.

We agree with the Texarkana Court of Appeals in its conclusion that the reasons stated by the Austin court for its decision are not persuasive. *Sanders,* 348 S.W.3d at 258. *See Parker Cnty.,* 2009 WL 3938051, at *3 ("To require such an affidavit outside the context of a negligence cause of action would require an affidavit that had no relevance to the suit and would render the statute meaningless."). Instead, we, like the majority of other Texas courts of appeals, conclude that the certificate of merit requirement under the 2005 version of section 150.002 applies to negligence, not contract, claims.

### Is This a Negligence or Breach of Contract Claim?

Because we conclude that section 150.002 applies to negligence claims and not to claims for breach of contract, we must determine whether JJW and Wingfield's claim is based on Strand's alleged negligence or on Strand's alleged contractual obligations to JJW and Wingfield. *See Sanders,* 348 S.W.3d at 259. If JJW and Wingfield's claim is based on contractual obligations, then they were not required to file a certificate of merit and the suit can proceed. *See id.*

The parties agree that there was no written contract. A claim for breach of contract that does not require a certificate of merit may be founded on an oral agreement. *See id.* at 260–61. We are not bound by the label used by JJW and Wingfield in their pleading, but look to their pleading to determine if the claim is a negligence claim. *See Ustanik v. Nortex Found. Designs, Inc.,* 320 S.W.3d 409, 415 (Tex.App.-Waco 2010, pet. denied); *Ashkar,* 2010 WL 376076, at *8; *Parker Cnty.,* 2009 WL 3938051, at *3 (citing *Murphy v. Gruber,* 241 S.W.3d 689, 697 (Tex.App.-Dallas 2007, pet. denied)). *But see Gomez v. STFG, Inc.,* No. 04–07–00223–CV, 2007 WL 2846419, at *2–3 (Tex.App.-San Antonio Oct. 3, 2007, no pet.) (mem. op.) (stating claims are non-negligence claims based on labels used by parties without analyzing the claims).

■ To determine whether the allegation is a contract or a negligence claim, we must consider (1) the source of the duty owed and (2) the nature of the remedy sought. *Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc.,* 960 S.W.2d 41, 45 (Tex.1998); *Sanders,* 348 S.W.3d at 259. As the supreme court has stated, "an action in contract is for the breach of a duty arising out of a contract either express or implied, while an action in tort is for a breach of duty imposed by law." *Formosa,* 960 S.W.2d at 45 (quoting *Int'l Printing Pressmen & Assistants' Union v. Smith,* 145 Tex. 399, 198 S.W.2d 729, 735 (1946)). The court also stated that "while the contractual relationship of the parties could create duties under both contract law and tort law, the 'nature of the injury most often determines which duty or duties are breached. When the injury is only the economic loss to the subject of a contract itself, the action sounds in contract alone.'" *Id.* (quoting *Jim Walter Homes, Inc. v. Reed,* 711 S.W.2d 617, 618

(Tex.1986)); *see Sw. Bell Tel. Co. v. De-Lanney,* 809 S.W.2d 493, 494 (Tex.1991) ("When the only loss or damage is to the subject matter of the contract, the plaintiff's action is ordinarily on the contract.").

### Was the Claimed Duty Imposed by Law or by Contract?

█ In their third amended petition, JJW and Wingfield alleged that Strand had a "contractual obligation to conduct a pre-pour inspection of the pad" and alleged that Strand "owed a contractual duty to the Plaintiffs to measure the depth of the slab"—a "duty [that] arises out of the [Strand] pre-pour inspection contract (express or implied)." They further alleged that Strand "did not measure the depth of the slab" and that Strand "breached the contract by failing to measure the depth of the slab."

Their allegation was not that Strand performed the inspection improperly; they alleged that Strand did not perform its claimed contractual obligation at all. As the Fort Worth Court of Appeals stated:

> Appellee agreed to perform professional services for Appellants, and by so doing, Appellee took on the duty to exercise the degree of care, skill, and competence that reasonably competent architects would exercise under similar circumstances. The breach of that duty would give rise to a tort action. But Appellee also made promises to perform specific acts in the contract. If Appellee breached a specific provision of the contract, that breach would also give rise to a breach of contract action. Appellants pursued a contract action, as was their right. Because Appellants brought a breach of contract action, and because section 150.002 only applies to negligence actions, we hold that Appellants were not required to file a certificate of merit in this case.

*Parker Cnty.,* 2009 WL 3938051, at *5 (footnotes omitted). *See Sanders,* 348 S.W.3d at 260 (although there was no written contract, pleadings alleging that plans by engineer made project economically unfeasible and were unusable "appear to be of a contractual nature" where there were no allegations that "the plans were prepared negligently or without due care" and engineer "performed the job based solely on the agreement of the parties"); *see also Ustanik,* 320 S.W.3d at 417 (finding breach of contract claim constituted professional negligence claim when claim based on designing inadequate foundation plans and failing to properly perform a pre-pour inspection); *Ashkar,* 2010 WL 376076, at *8–10 (concluding breach of contract claim founded in negligence when based on failure to adequately engineer, design, test and oversee construction, and involved quality of the professional services). We conclude that JJW and Wingfield's claim "is for the breach of a duty arising out of a contract either express or implied." *See Formosa,* 960 S.W.2d at 45 (quoting *Int'l Printing Pressmen,* 198 S.W.2d at 735).

We also disagree with Strand's argument that, because the contract was not a written contract, it was necessary to have a certificate of merit in this case to determine what Strand's obligations and failures were under industry standards. JJW and Wingfield did not allege that Strand did not conduct an inspection according to industry standards; they alleged that there was an agreement for Strand to perform the inspection, and Strand did not do so. *See Parker Cnty.,* 2009 WL 3938051, at *6 (concluding a certificate of merit from an architect was not necessary to determine whether a party "failed to adequately perform under [a] contract").

### What Remedy Do They Seek?

█ Next we determine if the nature of the remedy sought is economic loss to the

subject of the contract itself; if so, the action is based in contract. The damages JJW and Wingfield alleged are (1) "diminution in value of the residence because of the need for repairs" as a result of "cracking to the interior and exterior floors and walls and damage to the plumbing system" and (2) "loss of use and other damages due [to] the necessary repairs." They claimed that the damages they sustained "as a result of [Strand's] breach of contract are to the subject matter of the contract, i.e. the foundation and elements related to the foundation."

Strand contends that these alleged damages, including physical damage, diminution in value, and loss of use, are all tort damages and that JJW and Wingfield "did not allege any economic loss to any alleged contract itself." JJW and Wingfield argue in reply that their "requested relief, e.g. repair costs, diminution in value, are 'benefit of the bargain' and 'economic loss' damages that indicate a breach of contract claim." We agree with JJW and Wingfield. The alleged damages are claimed consequences of the alleged failure of Strand to perform a pre-pour inspection. *See Sanders*, 348 S.W.3d at 261 (concluding relief requested was based on alleged breach of contract when pleadings sought "recovery that could be based on a type of breach of warranty" that was founded upon the contractual agreement, a failure to provide agreed-upon project plans, and a failure of consideration, and damages sought were consequential damages); *Natex Corp. v. Paris Indep. Sch. Dist.*, 326 S.W.3d 728, 730, 734–35 (Tex.App.-Texarkana 2010, pet. dism'd w.o.j.) (concluding "consequential damages for increased costs of construction due to the breach" were contract damages); *Parker Cnty.*, 2009 WL 3938051, at *4 (concluding "damages are contract damages" where "damages directly related to the subject matter of the contract itself" and appellants sought recovery of "economic damages in order to put themselves in the position that they would have been in had it not been for Appellee's breach"). *But see Ashkar*, 2010 WL 376076, at *10 (concluding damages sought "for repairs and remediation, and not economic loss related directly to the subject of the contract" suggest the "claims do not sound in contract").

Because both the source of the duty owed and the nature of the remedy requested are based in contract, we conclude that no certificate of merit was required for JJW and Wingfield's breach of contract claim in the third amended petition and the trial court erred in dismissing JJW and Wingfield's claim against Strand.

Because of our disposition of JJW and Wingfield's first issue, we do not reach their second issue. *See* Tex.R.App. P. 47.1.

CONCLUSION

We reverse the trial court's order and remand for further proceedings consistent with this opinion.