COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | § | |
|---|---|---|
| ROBERT NAVARRO & ASSOCIATES ENGINEERING, INC. and BATH ENGINEERING CORPORATION, | § | No. 08-10-00236-CV |
| | § | |
| | § | Appeal from |
| Appellants, | § | 448th District Court |
| v. | § | of El Paso County, Texas |
| FLOWERS BAKING CO. OF EL PASO, LLC., | § | (TC # 2009-5126) |
| | § | |
| Appellee. | § | |

## **O P I N I O N**

This is an interlocutory appeal from an order denying motions to dismiss claims under Chapter 150 of the Texas Civil Practice and Remedies Code. These statutes govern suits filed against certain licensed professionals, including engineers and their firms. *See* TEX.CIV.PRAC.& REM.CODE ANN. §§ 150.001-.002 (West 2011). All of Appellants' arguments concern the adequacy of the sworn certificate of merit. For the reasons that follow, we reverse and remand.

### **FACTUAL SUMMARY**

On December 21 2009, Flowers Baking Co. of El Paso, L.L.C. filed a single petition asserting claims against Robert Navarro & Associates Engineering, Inc. and Bath Engineering Corporation (collectively Appellants). According to Flowers' petition, the underlying suit arose out of the construction of a new warehouse at their facility (the Project). Flowers hired Navarro to provide "the architectural, civil engineering, structural, mechanical, and electrical design and

construction documents, including the drawings and specifications" (the "Project Documents").

Flowers also alleged that certain Project Documents were to be prepared and provided by Bath. In short, Appellants were to identify and provide for water and sewage connections to the warehouse. Although the design and construction documents provided to Flowers reflected existing and accessible water and sewage lines adjacent to the warehouse:

> [A]t a point in time when the Project was virtually complete, it was discovered that such design and construction documents were incorrect. There were in fact no existing and accessible water and sewage lines [in the area adjacent to the warehouse].

Flowers further alleged that as a result "of the foregoing defect and error in the Project design," it incurred serious and unexpected costs in identifying and implementing an alternative plan. Based on these allegations, Flowers urged causes of action for professional negligence and breach of contract against Navarro, as well as a cause of action for negligent misrepresentation against Bath. Specifically, Flowers' petition stated:

## CAUSES OF ACTION

### Professional Negligence

.   .   .

13. Navarro failed in the following respects to exercise the degree of care and competence that an engineer of ordinary knowledge and skill would have exercised under the same or similar facts and circumstances:

- in failing to determine, in both an accurate and timely manner before work on the Project commenced, that there were in fact no existing and accessible water and sewage lines in West Mills;

- in representing in its design and construction documents for the Project that there were existing and accessible water and sewage lines in West Mills, when in fact there was not.

.   .   .

### Breach of Contract

.  .  .

17.  Navarro … has in the following respects materially and substantially breached the agreement by and between Flowers and Navarro in connection with the Project:

- in failing to determine, in both an accurate and timely manner before work on the Project commenced, that there were in fact no existing and accessible water and sewage lines in West Mills;

- in representing in its design and construction documents for the Project that there were existing and accessible water and sewage lines in West Mills, when in fact there was not.

.  .  .

**Negligent Misrepresentation**

.  .  .

20.  In the course of Bath's business and work on the Project, a transaction in which Bath had a pecuniary interest, Bath supplied information to the effect, and represented, that there were existing and accessible water and sewage lines in West Mills, when in fact there was not. Bath intended or knew or should have known that Flowers would receive and justifiably rely upon the foregoing information and representation.  Bath failed to exercise reasonable care or competence in obtaining and communicating the foregoing information and representation, and Flowers did in fact justifiably rely thereon to its damage and detriment.

As required by Chapter 150 of the Texas Civil Practice and Remedies Code, Flowers attached a sworn certificate of merit from Gerald Spencer, a licensed professional engineer.

Navarro and Bath filed motions to dismiss, complaining that Spencer's certificate of merit failed to satisfy the statutory requirements.  The district court denied the motions. Navarro's first issue and Bath's second issue are parallel complaints that Spencer's certificate of merit fails to clearly and unequivocally attribute the alleged act, error, omission to a particular defendant.  Because these issues are dispositive, we need not address the remainder.

**STANDARD OF REVIEW**

We review a trial court's denial of a motion to dismiss under Section 150.002 for an

- 3 -

abuse of discretion. *JNY, L.P. v. Raba-Kistner Consultants, Inc.,* 311 S.W.3d 584, 585-86 (Tex.App.--El Paso 2010, no pet.); *M-E Engineers, Inc. v. City of Temple*, 365 S.W.3d 497, 500 (Tex.App.--Austin, pet. denied); *Garza v. Carmona*, No. 13-11-00077-CV, 2012 WL 1134014, at *3 (Tex.App.--Corpus Christi April 5, 2012, no pet. h.); *Sharp Eng'g v. Luis*, 321 S.W.3d 748, 752 (Tex.App.--Houston [14th Dist.] 2010, no pet.); *Benchmark Eng'g Corp. v. Sam Houston Race Park*, 316 S.W.3d 41, 44 (Tex.App.--Houston [14th Dist .] 2010, pet. dism'd by agr.); *Landreth v. Las Brisas Council of Co-Owners, Inc.*, 285 S.W.3d 492, 496 (Tex.App.--Corpus Christi 2009, no pet.). A trial court abuses its discretion when it acts arbitrarily, unreasonably, or without reference to any guiding rules and principles. *Bowie Mem'l Hosp. v. Wright*, 79 S.W.3d 48, 52 (Tex. 2002); *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex.1985). Merely because a trial court may decide a matter within its discretion in a different manner than an appellate court does not demonstrate an abuse of discretion. *Palladian Bldg. Co., Inc. v. Nortex Foundation Designs, Inc.*, 165 S.W.3d 430, 433 (Tex.App.--Fort Worth 2005, no pet.).

We review questions of statutory construction *de novo*. *State v. Shumake*, 199 S.W.3d 279, 284 (Tex. 2006); *Singleton v. Casteel*, 267 S.W.3d 547, 550 (Tex.App.--Houston [14th Dist.] 2008, pet. denied), *citing City of San Antonio v. Boerne*, 111 S.W.3d 22, 25 (Tex. 2003). Once we determine the statute's proper construction, we must then decide whether the trial court abused its discretion in applying the statute. *Palladian*, 165 S.W.3d at 436. A trial court has "no 'discretion' in determining what the law is or applying the law to the facts." *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992). Accordingly, a trial court abuses its discretion if it misinterprets or misapplies the law. *Perry Homes v. Cull*, 258 S.W.3d 580, 598 n. 102 (Tex. 2008); *Walker* 827 S.W.2d at 840.

## CHAPTER 150 AND STATUTORY CONSTRUCTION

Chapter 150 addresses suits brought against "licensed or registered professionals." S*ee generally* TEX.CIV.PRAC.&REM.CODE ANN. §§ 150.001-.002 (West 2011). Specifically, Section 150.002, requires, in relevant part:[1]

> (a) In any action or arbitration proceeding for damages arising out of the provision of professional services by a licensed or registered professional, the plaintiff shall be required to file with the complaint an affidavit of a third-party licensed architect, licensed professional engineer, registered landscape architect, or registered professional land surveyor who:
>
> > (1) is competent to testify;
> >
> > (2) holds the same professional license or registration as the defendant; and
> >
> > (3) is knowledgeable in the area of practice of the defendant and offers testimony based on the person's:
> >
> > > (A) knowledge;
> > >
> > > (B) skill;
> > >
> > > (C) experience;
> > >
> > > (D) education;
> > >
> > > (E) training; and
> > >
> > > (F) practice.
>
> (b) The affidavit **shall set forth specifically for each theory of recovery** for which damages are sought, **the negligence**, if any, or other action, error, **or omission of the licensed or registered professional** in providing the professional service, including any error or omission in providing advice, judgment, opinion, or a similar professional skill claimed to exist and the factual basis for each such claim. The third-party licensed architect, licensed professional engineer, registered landscape architect, or registered professional land surveyor shall be licensed or registered in this state and actively engaged in the practice of

---

[1] This suit was filed in December 2010. Accordingly, the version of Chapter 150, as amended in 2009, governs the suit. *See* Act of May 27, 2005, 79th Leg., R.S., ch. 208, § 2, 2005 TEX.GEN.LAWS 369, 370, amended by Act of June 19, 2009, 81st Leg., R.S., ch. 789, §§ 2-4, 2009 TEX.GEN.LAWS 1991, 1992 (codified at Tex.Civ.Prac.&Rem.Code Ann. § 150.002).

architecture, engineering, or surveying.

. . .

> (e) The plaintiff's failure to file the affidavit in accordance with this section shall result in dismissal of the complaint against the defendant. This dismissal may be with prejudice. [Emphasis added].

The statute thus requires that the affidavit must address each theory of recovery and identify the negligence or omission of the licensed professional.

In construing statutes, our primary objective is to give effect to the Legislature's intent. *Shumake*, 199 S.W.3d at 284; *Tex. Lottery Comm'n v. First State Bank of DeQueen*, 325 S.W.3d 628, 635 (Tex. 2010); *Nangia v. Taylor*, 338 S.W.3d 768, 770 (Tex.App.--Beaumont 2011, no pet), *citing Galbraith Eng'g Consultants, Inc., v. Pochucha*, 290 S.W.3d 863, 867 (Tex. 2009). "We seek that intent first and foremost in the statutory text." *See M-E Engineers, Inc.*, 365 S.W.3d at 500, *citing Lexington Ins. Co. v. Strayhorn*, 209 S.W.3d 83, 85 (Tex. 2006)(internal quotations omitted). In doing so, we consider the words in context, not in isolation, and we rely on the plain meaning of the text unless a different meaning is supplied by legislative definition or is apparent from context, or unless such a construction leads to absurd results. *See State v. Gonzalez*, 82 S.W.3d 322, 327 (Tex. 2002); *City of Rockwall v. Hughes*, 246 S.W.3d 621, 625-26 (Tex. 2008); *see also* TEX.GOV'T CODE ANN. § 311.011 (West 2005)("Words and phrases shall be read in context and construed according to the rules of grammar and common usage," but "[w]ords and phrases that have acquired a technical or particular meaning, whether by legislative definition or otherwise, shall be construed accordingly.").

We presume that the Legislature was aware of the background law and acted with reference to it. *See Acker v. Texas Water Comm'n*, 790 S.W.2d 299, 301 (Tex. 1990). We further presume that every word of a statute is used for a purpose, and that every word excluded

from a statute was excluded purposefully. *See Texas Lottery Comm'n v. First State Bank of DeQueen*, 325 S.W.3d at 628, 635 (Tex. 2010); *Shook v. Walden*, 304 S.W.3d 910, 917 (Tex.App.--Austin 2010, no pet.).

### FAILURE TO ATTRIBUTE CONDUCT TO EACH DEFENDANT

We begin our analysis by addressing Appellants' assertions that Flowers failed to provide a certificate of merit attributing actions, errors, or omissions to each engineering defendant. Flowers filed a single certificate of merit, sworn to by Gerald Spencer, P.E. The affidavit establishes the duty of a professional engineer. An engineer's liability is tied to the sealing of engineering documents both generally and under the alleged facts of the case. Tying liability to the sealing of engineering documents is statutory. "Upon sealing, engineers take full professional responsibility for that work." TEX.ADMIN.CODE § 137.33(b). Spencer then opined as to the standard of care and breach thereof:

> 5. Included among the construction drawings is one drawing identified as Drawing Sheet No. MO. 1, which drawing is also labeled 'Plumbing Site Plan'. Drawing Sheet No. MO. 1 indicates a 4" water line and a 4" sewer line located in the public street ROW identified as Mills Street on this Drawing Sheet MO. 1. Drawing Sheet MO. 1 was certified and sealed, as the drawing was required by Texas law to [be] prepared under the direction of and certified by a professional engineer licensed to practice in the State of Texas.
>
> 6. It is my understanding from Plaintiff's Original Petition filed in the Lawsuit that there are in fact no water and sewer lines located at West Mills Street in El Paso County, Texas.
>
> 7. In my opinion, the failure to confirm the actual location and existence of the water and sewer lines that are indicated on Drawing Sheet No. MO. 1 constitutes professional negligence or a failure to exercise the degree of care and competence that an engineer of ordinary skill and knowledge would have been or expected to be provided to the public. **Therefore, it is my opinion that the failure to confirm the actual location and existence of the water and sewer lines that are indicated on Drawing Sheet No. MO. 1 constitutes professional negligence by Robert Navarro and Associates Engineering, Inc. and/or Bath Engineering Corporation.** An engineer's certification of construction drawings represents a certification by the engineer that the information contained in the drawings is correct, and that the drawings are proper for the underlying

construction project. At a minimum, I would expect a reasonable engineer to actually check with the City of El Paso or other appropriate governmental authority in El Paso to confirm that the water and sewer lines that are shown on Drawing Sheet No. MO. 1 actually exist. Additionally, I would expect a reasonable engineer to confirm that the water and sewer lines shown on Drawing Sheet No. MO. 1 are actually sufficient for the construction job. Third, 1 would expect a reasonable engineer to perform a site inspection of the property in order to determine whether there were any manholes, water valves, and fire hydrants or other evidence that would reflect the location of underground water and sewer lines. **The failure to do these things prior to certifying (stamping) the construction drawings as approved would, in my opinion, constitute a breach or violation of the standard of care normally expected of engineers.** [Emphasis added].

The affidavit does not specify who certified and sealed Drawing Sheet MO. 1, but Flowers affirmatively states in its brief that Bath sealed the drawing showing water and sewer lines.

Appellants focus heavily on Spencer's use of the phrase "and/or" when discussing the alleged "negligence . . . action, error, or omission" of the two defendants. They contend that the statute requires a direct and unequivocal statement by the affiant that attributes a specific act, error, or omission to each defendant. By contrast, Flowers argues that the certificate need not specifically connect the alleged "negligence . . . actions, errors, or omissions to a particular defendant or theory of recovery." In support, Flowers relies upon two cases from the Beaumont Court of Appeals: *Nangia*, 338 S.W.3d at 773 and *Criterium-Farrell Eng'rs v. Owens*, 248 S.W.3d 395, 399 (Tex.App.--Beaumont 2008, no pet.). Neither case addresses whether Section 150.002 requires a certificate of merit tying tortious conduct to a specific defendant. In fact, neither case deals with the issue of multiple defendants. Instead, both deal with the specificity requirements regarding each theory of recovery under an older version of the statute. *See Nangia*, 338 S.W.3d at 773 (finding that "The focus of the certificate of merit is on the alleged error or omission and the facts that support the claim," and that, as long as the certificate sets forth the alleged negligence, actions, errors, and omissions and the factual basis for each such

claim, the purpose of Chapter 150 is met); *Criterium-Farrell*, 248 S.W.3d at 399 (noting that the purpose of the certificate of merit requirement is to inform the defendant of the specific conduct called into question and to provide a basis for the trial court to conclude that the plaintiffs claims have merit and holding that a certificate of merit was not defective merely because it did not expressly connect the stated actions, errors, and omissions to the negligence cause of action). While Flowers concedes these cases do not discuss situations involving multiple defendants, he persists in suggesting "it would seem logically to follow that it is not necessary [for] the certificate of merit to expressly connect the alleged acts, errors, and omissions to a particular defendant . . . ." We do not write so broadly.

Flowers also relies heavily on *Howe-Baker Engineers, Ltd v. Enterprise Products Operating, LLC*, No. 01-09-01087-CV, 2011 WL 1660715, *1 (Tex. App.--Houston [1st Dist.] Apr. 29, 2011, no pet.)(mem. op.). There, the two named defendants, Howe-Baker and CB & I, were alleged to be alter-egos. In that circumstance, the Houston Court of Appeals held that the statute did not require the supporting affidavit to attribute a particular act or omission to a defendant whose alleged liability was entirely vicarious of the alleged liability of another defendant as to which the affidavit did satisfy the statute. *Howe-Baker*, 2011 WL 1660715, at * 6. Flowers alleged neither vicarious liability nor alter ego which it flatly concedes in its briefing.

Similar claims emerged in *M-E Engineers, Inc. v. City of Temple*, 365 S.W.3d 497 (Tex.App.--Austin 2012, pet. denied). There, the City hired a general contractor and an architect to assist in the construction of a new police headquarters. *Id*. at 499. The architect then contracted with M-E to provide mechanical, electrical, and plumbing engineering services for the project. *Id*. M-E provided its services on the project through Allen Y. Tochihara, a licensed professional engineer and "M-E principal." *Id*. Subsequently, the City filed a negligence and

breach of contract claim against the general contractor, the architect, M-E, and Tochihara because the newly built police headquarters had problems with its HVAC system. *Id*. In accordance with Section 150.002, the City attached a sworn certificate of merit from a licensed professional engineer, Bill M. Long. *Id*. Long attested to the HVAC design and construction deficiencies and opined that "these errors and omissions were caused by a lack of supervision and enforcement of the contract documents by *the Engineer*, which constitutes negligence in the practice of engineering." [Emphasis added]. *Id*. Long defined and identified "the Engineer" as Tochihara, but he did not explicitly mention M-E, Tochihara's firm. *Id*. Tochihara and M-E filed motions to dismiss. *Id*. Prior to the hearing, the City amended its pleadings to include: (1) negligence by Tochihara and (2) vicarious liability of M-E for Tochihara's negligence by virtue of Tochihara's status as the company's employee, agent, and principal. *Id*. The trial court denied the motion to dismiss. *Id*. On appeal, the parties argued in part that Long's certificate was inadequate to support claims against M-E because it only explicitly referred to Tochihara "the Engineer" and not to M-E. *Id*. at 499-500, 505. Noting the claims for vicarious liability, the Court of Appeals affirmed. However, in doing so, the Court provided the following analysis:

> [T]he certificate-of-merit requirement is similar to the expert-report requirement under chapter 74 of the civil practice and remedies code--regardless of the legal theory or theories on which the plaintiff relies in seeking damages, he or she must file an expert report if the claim is predicated on facts characteristic of a 'health care liability claim.'

*Id*. at 506. We turn now to the theories of recovery pled and the allegations of negligence against each defendant. As might be expected, the parties view the record differently. Bath was sued for negligent misrepresentation. Navarro contends that it was sued for professional negligence and breach of contract "as though NAVARRO had made the determinations and representations involved in BATH'S drawing." Flowers' pleadings specifically allege "Navarro was to provide

Flowers with the architectural, civil engineering, structural, mechanical, and electrical design and construction documents . . . with respect to a new warehouse . . . . Certain Project Documents were to be prepared and provided by Bath." This differs a bit from the brief in which Flowers suggests that it was Navarro alone that had contracted to provide the Project Documents. In any event, a single omission is the basis for all causes of action -- the Project Documents incorrectly show the location of water and sewer lines.

If Bath sealed the Project Documents, it may bear liability for negligence. But Bath was sued for negligent misrepresentation, a totally separate tort requiring different elements of proof. *See McCamish, Martin, Brown & Loeffler v. F.E. Appling Interests*, 991 S.W.2d 787, 791 (Tex. 1999); *Colvin v. Red Steel Co.,* 682 S.W.2d 243, 245 (Tex. 1984). If Navarro did not seal the drawing, it may or may not bear liability for breach of contract or negligence. One cannot ascertain the nuanced distinctions based upon Spencer's affidavit. We thus agree with Appellants that the statutory language does not allow for collective assertions of negligence:

> It cannot be presumed that anytime two defendants are accused of similar conduct that valid claims exist against both of them -- if such claims indeed exist, the expert must actually say so, and do so in the form of positive averments made under oath.

We sustain Navarro's Issue One and Bath's Issue Two. We reverse and remand to the trial court for a determination of whether the dismissal of Flowers' claims shall be with or without prejudice. *See* TEX.CIV.PRAC.&REM.CODE ANN. § 150.002(e)(providing that a dismissal based on a plaintiff's failure to file a certificate of merit in accordance with the statute "may be with prejudice.")


September 26, 2012 _____
ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rivera, and Antcliff, JJ.


- 11 -