ACCEPTED
05-15-00103-CV
FIFTH COURT OF APPEALS
DALLAS, TEXAS
4/20/2015 4:09:30 PM
LISA MATZ
CLERK

No. 05-15-00103-CV

IN THE FIFTH
COURT OF APPEALS
AT DALLAS, TEXAS

FILED IN
5th COURT OF APPEALS
DALLAS, TEXAS

4/20/2015 4:09:30 PM

LISA MATZ
Clerk

DMH DESIGN,

Appellant

v.

CATHERINE MORZAK,

Appellee

Interlocutory Appeal from the County Court at Law No. 3,
Dallas County, Texas, Cause No. CC-14-00798-C,
the Honorable Sally Montgomery, Presiding

## APPELLANT'S REPLY BRIEF

Wade C. Crosnoe
State Bar No. 00783903
E-mail: wcrosnoe@thompsoncoe.com
Sara Berkeley Churchin
State Bar No.  24073913
E-mail: schurchin@thompsoncoe.com
THOMPSON, COE, COUSINS &
IRONS, L.L.P.
701 Brazos, Suite 1500
Austin, Texas 78701
Telephone:  (512) 703-5035
Facsimile:  (512) 708-8777

Shawn W. Phelan
State Bar No. 00784758
E-mail: sphelan@thompsoncoe.com
THOMPSON, COE, COUSINS &
IRONS, L.L.P.
700 N. Pearl Street, Twenty-Fifth Floor
Dallas, Texas 75201-2832
Telephone:  (214) 871-8200
Facsimile:   (214) 871-8209

Counsel for Appellant DMH Design

**ORAL ARGUMENT REQUESTED**

# TABLE OF CONTENTS

Table of Contents ..............................................................................................i

Index of Authorities ......................................................................................... ii

I. Introduction.................................................................................................1

II. The Certificate of Merit Attached to Morzak's First Amended Petition Is Insufficient to Meet the Statute's Requirements .........................................3

III. Morzak Did Not Seek a Timely Extension to the Contemporaneous-Filing Requirement and Is Not Entitled to a "Good Cause" Exception ..........8

    A. The Only Exception to the Contemporaneous Filing Rule Is Stated in the Statute ..............................................................................8

    B. Morzak Did Not Meet the Statutory Prerequisites to Qualify for a Good-Cause Exception .................................................................11

IV. DHM Design Did Not Waive Its Argument That the Certificate of Merit Filed on June 13th Is Insufficient .......................................................14

Conclusion and Prayer ...................................................................................15

Certificate of Compliance ..............................................................................17

Certificate of Service......................................................................................17

i

# INDEX OF AUTHORITIES

## Cases

*Apex Geoscience, Inc. v. Arden Texarkana, LLC*, 370 S.W.3d 14 (Tex. App.—Texarkana 2012, pet. granted, judgm't vacated by agr.) ..........................13

*Austin Nursing Center v. Lovato*, 171 S.W.3d 845 (Tex. 2005) .............................10

*Crosland v. Tex. Emp't Comm'n*, 550 S.W.2d 314 (Tex. Civ. App.— Dallas 1977, writ ref'd n.r.e.).................................................................................11

*Crosstex Energy Servs, L.P. v. Pro Plus, Inc.*, 430 S.W.3d 384 (Tex. 2014)........................................................................ 8, 9, 10, 11, 12, 13

*Dallas Cent. Appraisal Dist. v. Wang*, 82 S.W.3d 697 (Tex. App.— Dallas 2002, pet. denied)...................................................................................11

*Robert Navarro & Assocs. Eng'g, Inc. v. Flowers Baking Co. of El Paso, LLC*, 389 S.W.3d 475 (Tex. App.—El Paso 2012, no pet.) ............... 5, 7, 8

*Epco Holdings, Inc. v. Chicago Bridge & Iron Co.*, 352 S.W.3d 265 (Tex. App.—Houston [14th Dist.] 2011, pet. dism'd).........................................13

*Howe-Baker Eng'rs, Ltd. v. Entr. Prod. Operating, LLC*, 2011 WL 1660715 (Tex. App.—Houston [1st Dist.] Apr. 29, 2011, no pet.)...................6, 7

*JJW Dev., LLC v. Strand Sys. Eng'g, Inc.*, 378 S.W.3d 571 (Tex. App.—Dallas 2012, pet. denied)............................................................11

*Landreth v. Las Brisas Council of Co-Owners, Inc.*, 285 S.W.3d 492 (Tex. App.—Corpus Christi 2009, no pet.) .........................................................9

*Molinet v. Kimbrell*, 356 S.W.3d 407 (Tex. 2011).....................................................4

*Nangia v. Taylor*, 338 S.W.3d 768 (Tex. App.—Beaumont 2011, no pet.).......................................................................................................................13

*Sharp Eng'g v. Luis*, 321 S.W.3d 748 (Tex. App.—Houston [14th Dist.] 2010, no pet.) ..........................................................................................12

*Siemens Energy, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Penn.*, No. 14-13-00863-CV, 2014 WL 2531577 (Tex. App.—Houston [14th Dist.] June 3, 2014, pet. denied) ..................................................5, 8

*Sylva Eng'g Corp. v. Kaya*, No. 03-12-00334-CV, 2013 WL 1748754 (Tex. App.—Austin Apr. 18, 2013, no pet.) ........................................................5

*TIC N. Cent. Dallas 3, L.L.C. v. Envirobusiness, Inc.*, No. 05-13-01021-CV, 2014 WL 4724706 (Tex. App.—Dallas Sept. 24, 2014, pet. filed) ..................................................................................................8, 11

*Unigard Sec. Ins. Co. v. Schaefer*, 572 S.W.2d 303 (Tex. 1978) ...........................10

**Statutes**

Tex. Civ. Prac. & Rem. Code § 74.351(c) ...............................................................8

Tex. Civ. Prac. & Rem. Code § 150.002 ............................... 2, 3, 6, 7, 8, 10, 11, 15

Tex. Civ. Prac. & Rem. Code § 150.002(b) ................................................ 3, 4, 5, 8

Tex. Civ. Prac. & Rem. Code § 150.002(c) ........................................... 9, 10, 12, 13

Tex. Civ. Prac. & Rem. Code § 150.002(e) ............................................................16

## I. Introduction

According to Morzak, her claims have merit and are not frivolous, and therefore the requirements of section 150.002 should not be applied strictly—by which she means, applied at all—in this case. But it is the Texas Legislature's prerogative to specify the procedure and requirements under which claims against licensed professionals are determined to have sufficient merit to proceed. Courts are required to give effect to the Legislature's determinations as expressed through a statute's plain language.

Morzak does not dispute DHM Design's argument that section 150.002 clearly and ambiguously requires a plaintiff to file a certificate of merit with its first-filed claim against a licensed design professional. Instead, Morzak argues that the first-filed certificate of merit—which does not name DHM Design as the design professional, but rather names only an employee of Barker Rinker Seacat Architecture ("BRS Architecture")—is sufficient because it was generally "directed to the designer of the grandstand area." To that end, Morzak asks this Court to ignore the statute's plain language and construe it in a manner allegedly consistent with its legislative purpose. This Court should reject Morzak's invitation to ignore the plain language of section 150.002, just as it has rejected similar invitations in the past.

1

Although Morzak complains of "gotcha" tactics, she does not dispute that she learned approximately two months prior to the filing of her First Amended Petition that DHM Design had designed the grandstands at issue in this lawsuit. Morzak thus had two months to investigate, to obtain a proper certificate of merit naming DHM Design, and to attach it to her first pleading naming DHM Design as defendant. Morzak failed to do so. Morzak instead waited another thirty-nine days after filing her first amended petition to request an extension of time to file a certificate of merit. And when Morzak finally filed a certificate of merit actually naming DHM Design, that certificate of merit, too, was insufficient under section 150.002.

Morzak's accusation that DHM Design's reliance upon the plain language of section 150 constitutes unfair "gotcha" tactics designed to avoid answering Morzak's claims has no merit and should warrant little sympathy. Similarly unavailing should be her request that the Court rewrite the statute to create an equitable "relation back" exception. Morzak had the information, the time, and the opportunity to comply with Texas Civil Practice & Remedies Code section 150.002. Her failure to do so should have resulted in dismissal of her claims against DHM Design.

2

**II. The Certificate of Merit Attached to Morzak's First Amended Petition Is Insufficient to Meet the Statute's Requirements**

The Certificate of Merit attached to Morzak's First Amended Petition—the first to allege claims against DHM Design—sets out specifically that an employee of BRS Architecture, Kenneth Berendt, was the licensed professional who committed the "action, error, or omission" forming the basis of the lawsuit (CR 32). Tex. Civ. Prac. & Rem. Code § 150.002(b). DHM Design's name appears nowhere in the Certificate of Merit/expert affidavit (CR 32–39). Moreover, the certificate, which is identical to the certificate of merit attached to Morzak's Original Petition, contains no allegations whatsoever concerning DHM Design's conduct.

Ignoring contrary case law, Morzak argues that a certificate of merit need not attribute specific conduct to a particular defendant to satisfy the requirements of section 150.002(b). Going one step further, Morzak then argues that the certificate of merit need not even name the design professional-defendant at all to meet 150.002(b) requirements, so long as the affidavit makes seemingly meritorious allegations against *any* landscape design professional.

Not only is Morzak's argument unsupported by Texas case law construing section 150.002, it is unsupported by the plain language of the statute itself. Morzak contends that DHM design "hoists form over substance" and urges this Court to look beyond the language of the statute to "the purpose of the certificate

3

of merit," which purpose she claims was met here. The Legislature's purpose, however, is best served by following the plain, unambiguous language of section 150.002(b), which provides that:

> The affidavit shall set forth specifically . . . the negligence . . . or other action, error or omission of *the licensed or registered professional* in providing the professional service.

(emphasis added).

"The plain meaning of the text is the best expression of legislative intent unless a different meaning is apparent from the context or the plain meaning leads to absurd or nonsensical results." *See Molinet v. Kimbrell*, 356 S.W.3d 407, 411 (Tex. 2011). Here, the Legislature's use of "*the* licensed . . . professional"—a definite article indicating a specific person—rather than "a"—an indefinite article with a more general meaning—makes clear that the affidavit must at minimum identify *the* licensed professional whose "negligence . . . other action, error or omission" forms the basis of the lawsuit. In other words, the affidavit must identify the licensed professional being sued. Moreover, construed literally, "the licensed or registered professional" is singular, not plural. This further indicates that the certificate of merit must tie specified tortious conduct to a particular licensed or registered professional named therein.

Under Morzak's reasoning, the name of virtually *any* licensed professional(s) (singular or plural) in the certificate of merit is sufficient to meet

4

statutory requirements as to all other licensed professionals, so long as the affidavit alleges that *some* licensed professional was negligent in some manner. Taken to its logical conclusion, Morzak's stance is that there is no limit to the number of professionals and claims a single certificate of merit can support. Yet not one Texas case holds that a certificate of merit that not only fails to name the defendant, but names some other entity entirely, satisfies the requirements of section 150.002(b). This case would be the first, and by a long shot.

To the contrary, several Texas courts have held that even where the affiant identifies the proper licensed professional in the certificate of merit, the certificate is nevertheless insufficient if it fails to set forth conduct specific to that particular licensed professional. Texas courts have concluded that certificates of merit naming more than one professional, but failing to specifically attribute negligent conduct to each, are insufficient. *E.g.*, *Robert Navarro & Assocs. Eng'g, Inc. v. Flowers Baking Co. of El Paso, LLC*, 389 S.W.3d 475, 482–83 (Tex. App.—El Paso 2012, no pet.) (holding that allegations in a certificate of merit must be tied to a particular defendant); *Siemens Energy, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Penn.*, No. 14-13-00863-CV, 2014 WL 2531577, at *10 (Tex. App.—Houston [14th Dist.] June 3, 2014, pet. denied) (same); *Sylva Eng'g Corp. v. Kaya*, No. 03-12-00334-CV, 2013 WL 1748754, at *5 (Tex. App.—Austin Apr. 18, 2013, no pet.) (same).

Under the rationale of these cases, the Certificate of Merit attached to Morzak's First Amended Petition (alleging the negligent conduct of BRS Architecture, and not naming DHM Design at all), is wholly inadequate as to DHM Design. That is, if a certificate of merit is insufficient because it fails to tie specific conduct to a specific defendant, it is surely insufficient if it fails to name the defendant at all.

Morzak relies in her brief on *Howe-Baker* to argue that a certificate of merit need not tie allegedly tortious conduct to a particular defendant. *See Howe-Baker Eng'rs, Ltd. v. Entr. Prod. Operating, LLC*, 2011 WL 1660715, at *6 (Tex. App.—Houston [1st Dist.] Apr. 29, 2011, no pet.). But Morzak ignores that the two named defendants in that case were alleged to be alter egos, or a single legal entity. *Id.* For that reason, the court explained, section 150.002 did not require that the certificate of merit attribute a negligent act, error, or omission to each of the two named entities. The court ultimately held that the statute did not require the certificate of merit to attribute conduct "to a defendant whose alleged liability for a claim covered by the statute is entirely vicarious of the alleged liability of another defendant as to which the affidavit did not satisfy the statute." *Id.* at *6.

Here, there is no allegation that DHM Design is vicariously liable for BRS Architecture's acts or omissions or that the companies were alter egos. Only under those facts could Morzak's argument be supported by the rationale set forth in

6

*Howe-Baker*—even assuming it was correctly decided—and could a certificate of merit naming only BRS Architecture suffice to meet section 150.002 requirements as to DHM Design. *See id.*; *see also Robert Navarro & Assocs.*, 389 S.W.3d at 480 (recognizing that *Howe-Baker* turns on its facts—*i.e.*, is limited to cases wherein the defendants are alter egos and liability is vicarious).

Morzak concedes that *Navarro & Associates* stands for the proposition that a certificate of merit must tie alleged tortious conduct to a specific defendant (Appellee's Brief at p. 9 n.3). Yet Morzak fails to distinguish the case or explain in her brief why this Court should not reach the same conclusion the El Paso Court of Appeals reached there. *See Robert Navarro & Assocs.*, 389 S.W.3d at 482. In that case, the plaintiff filed a certificate of merit that discussed the negligence of two different defendants using the phrase "and/or." *Id.* at 481. The defendants filed a motion to dismiss on that basis, contending that the certificate of merit was deficient because "the statute requires a direct and unequivocal statement by the affiant that attributes a specific act, error, or omission to each defendant." *Id.*

The court of appeals agreed, explaining:

> [T]he statutory language does not allow for collective assertions of negligence: It cannot be presumed that anytime two defendants are accused of similar conduct that valid claims exist against both of them—if such claims indeed exist, the expert must actually say so, and do so in the form of positive averments made under oath.

*Id.* at 482; *see also Siemens Energy*, 2014 WL 2531577, at \*10 ("Because the affidavits at issue did not clearly indicate that one particular defendant was involved in a particular professional error, the trial courts abused their discretion in denying the motion to dismiss.").

**III.  Morzak Did Not Seek a Timely Extension to the Contemporaneous-Filing Requirement and Is Not Entitled to a "Good Cause" Exception**

> *A.  The Only Exception to the Contemporaneous Filing Rule Is Stated in the Statute*

Section 150.002 requires that the plaintiff "file the certificate of merit with the first petition filed in the action that raises claims subject to its provisions." *TIC N. Cent. Dallas 3, L.L.C. v. Envirobusiness, Inc.*, No. 05-13-01021-CV, 2014 WL 4724706, at \*4 (Tex. App.—Dallas Sept. 24, 2014, pet. filed). Texas courts, including this Court, have uniformly construed this language to require that the plaintiff file its certificate of merit with the "first-filed petition." *See id.*

The exception to this rule is narrow, as the Texas Supreme Court has recognized. *Crosstex Energy Servs, L.P. v. Pro Plus, Inc.*, 430 S.W.3d 384, 390–91 (Tex. 2014). The healthcare liability claim statute, for example, allows a party filing a deficient expert report one thirty-day extension to cure a deficiency. *See* Tex. Civ. Prac. & Rem. Code § 74.351(c). In contrast, the design professional statute does not. *See id.* § 150.002(b); *see also Landreth v. Las Brisas Council of Co-Owners, Inc.*, 285 S.W.3d 492, 499 (Tex. App.—Corpus Christi 2009, no pet.)

8

(comparing the certificate of merit requirement of a design professional claim to the expert-report requirement of a medical liability claim), *superseded by statute on other grounds as stated in Crosstex*, 430 S.W.3d at 393.

To obtain an extension to the certificate of merit requirement, plaintiff must meet the requirements of section 150.002(c):

> The contemporaneous filing requirement of Subsection (a) shall not apply to any case in which the period of limitation *will expire* within 10 days of the date of filing *and*, because of such time constraints, the plaintiff *has alleged* that an affidavit of a third-party licensed architect, licensed professional engineer, registered landscape architect, or registered professional land surveyor could not be prepared. In such cases, the plaintiff shall have 30 days after the filing of the complaint to supplement the pleadings with the affidavit. The trial court may, on motion, after hearing and for good cause, *extend such time* as it shall determine justice requires.

Tex. Civ. Prac. & Rem. Code § 150.002(c) (emphasis added); *Crosstex*, 430 S.W.3d at 390 ("A plaintiff must allege that its near-limitations filing prevented the preparation of a certificate of merit.").

Morzak points out that although she did not assert the time-constraint allegation in her first amended petition, she made those allegations over two months later in her second amended petition. For the first time, Morzak argues in this Court that under the "relation-back doctrine," her second amended petition relates back to the time of filing for her first amended petition, making her time-

9

constraint allegation timely to trigger the automatic thirty-day extension (Appellee's Brief at p. 15).

Morzak's newfound reliance on the relation-back doctrine is untenable. Morzak has no authority to support it either in the text of the statute or in case law. The case Morzak cites to support this theory is not even a design professional case, and has nothing to do with section 150.002.[1] Morzak does not explain why the relation-back doctrine, applicable in the context of statute of limitations, should save her claims here in an entirely different context, and where the Legislature has expressly required litigants to strictly adhere to a narrow filing timeframe without mentioning anything about the relation-back doctrine. *Crosstex*, 430 S.W.3d at 390–91 (recognizing that section 150.002(c) employs a very narrow exception); *see Unigard Sec. Ins. Co. v. Schaefer*, 572 S.W.2d 303, 307 (Tex. 1978) ("When specific exclusions or exceptions to a statute are stated by the Legislature, the intent is usually clear that no others shall apply."). Neither does Morzak have authority to support her argument that section 150.002 allows her to supplant her first amended petition with her first, for purposes of making her certificate of merit timely.

---

[1] *Austin Nursing Center v. Lovato*, 171 S.W.3d 845, 846, 853 (Tex. 2005), concerns whether standing requirements are met where a litigant lacks capacity to bring a lawsuit at the time it is filed, but which defect is later cured by an administrator.

"[F]ailure to file a certificate of merit with the original petition cannot be cured by amendment." *Crosstex Energy Servs.*, 430 S.W.3d at 395; *see JJW Dev., LLC v. Strand Sys. Eng'g, Inc.*, 378 S.W.3d 571, 576 (Tex. App.—Dallas 2012, pet. denied); *TIC N. Cent. Dallas*, 2014 WL 4724706, at \*3–4. Should Morzak's approach prevail, it would effectively eviscerate this rule and the statute's narrow exception by allowing litigants to simply amend their petitions to extend the deadline to file a compliant certificate of merit. The relation-back doctrine is equitable in nature, but courts are not permitted to assume the legislative prerogative and rewrite a statute in order to save a litigant from a harsh result. *See Dallas Cent. Appraisal Dist. v. Wang*, 82 S.W.3d 697 (Tex. App.—Dallas 2002, pet. denied) ("We are not free to rewrite the statutes to reach a result we might consider more desirable, in the name of statutory construction.") (citation omitted); *Crosland v. Tex. Emp't Comm'n*, 550 S.W.2d 314, 320 (Tex. Civ. App.—Dallas 1977, writ ref'd n.r.e.) (Robertson, dissenting) ("[T]he harshness of a literal construction's result is no excuse for judicial improvisation. An unambiguous statute should be applied and enforced as it reads, regardless of its policy or purpose or the justice of its effect.").

### B. Morzak Did Not Meet the Statutory Prerequisites to Qualify for a Good-Cause Exception

Section 150.002 allows for supplementation of the pleadings with a certificate of merit under only limited circumstances. Subsection (c) has two

requirements: (1) the limitations period must be about to expire in ten days, and (2) the plaintiff "has alleged" that because of the time constraints, an affidavit could not be prepared. If these two requirements are both met, plaintiff has thirty days to supplement the pleadings with a certificate of merit. On the other hand, if either of these two requirements is not met, plaintiff does not qualify for an exemption from the contemporaneous-filing requirement. *See* Tex. Civ. Prac. & Rem. Code §150.002(c); *Sharp Eng'g v. Luis*, 321 S.W.3d 748, 751 (Tex. App.—Houston [14th Dist.] 2010, no pet.). In that case, plaintiff also does not qualify for a good-cause exception. *Crosstex*, 430 S.W.3d at 390–91.

Morzak argues that she met subsection (c)'s twin requisites because "she filed her first amended petition adding DHM on the date limitations expired" and then made the time-constraint allegation in her second amended petition, which she filed two months later (Appellee's Brief at p. 15). Again, Morzak ignores the plain language of the statute.

The Legislature's use of "will expire," coupled with its use of "has alleged," makes clear that to take advantage of the exception to the contemporaneous-filing rule, the plaintiff must make the allegation that it was unable to obtain a certificate of merit in the first-filed pleading—i.e., before limitations expires. Here, it is undisputed that Morzak did not allege in her First Amended Petition that she could not procure a certificate of merit, and then she waited another thirty-nine days after

12

that initial filing to request an extension to supplement her non-complaint certificate of merit. At the very least, Morzak was required to make the time-constraint allegation within the thirty-days following the filing of her First Amended Petition. Because she did not, the request was untimely. *See Nangia v. Taylor*, 338 S.W.3d 768, 772 (Tex. App.—Beaumont 2011, no pet.); *Apex Geoscience, Inc. v. Arden Texarkana, LLC*, 370 S.W.3d 14, 22–23 (Tex. App.—Texarkana 2012, pet. granted, judgm't vacated by agr.).

Morzak continues to argue that the trial court had discretion to find that good cause existed to extend the time for filing a supplemental certificate of merit up to and including June 13, 2014. But *Crosstex* forecloses this result. Only when the twin requisites of section 150.002(c) are met, and the automatic thirty-day supplementation period is triggered, may the trial court then extend that thirty-day period for good cause. Here, Morzak failed to comply with the statute's plain language and intent by filing a certificate of merit and invoking a basis for a supplementation period within thirty days of filing her first amended petition. The trial court thus had no discretion to grant a good-cause exception. *See Crosstex*, 430 S.W.3d at 390; *Epco Holdings, Inc. v. Chicago Bridge & Iron Co.*, 352 S.W.3d 265, 269 (Tex. App.—Houston [14th Dist.] 2011, pet. dism'd). Likewise, the trial court had no discretion but to dismiss the claims against DHM Design.

**IV. DHM Design Did Not Waive Its Argument That the Certificate of Merit Filed on June 13th Is Insufficient**

Morzak argues that DHM Design complained in the trial court only of the timing of the supplemental certificate of merit (dated June 13, 2014), and that DHM Design has challenged the sufficiency of the supplemental certificate for the first time on appeal. Morzak is mistaken. In DHM Design's Motion to Dismiss, filed on July 30, 2014, and contained in this record, DHM Design argued the following to the trial court:

> Finally, even if the Court were to decide to consider Mr. DiNicola's June 13, 2014 Certificate of Merit Affidavit—which, as explained above, would be patently improper—the Court should still grant this motion to dismiss as the late-filed June 13, 2014 Certificate of Merit does not "set forth specifically" the "negligence if any, or other action, error or omission" of DHM. Instead of setting forth any negligence or other act, error, or omission of DHM, the June 13, 2014 Certificate of Merit attempts to modify or supplement Mr. DiNicola's January 24, 2014 affidavit by alleging that: "The Certificate of Merit, dated 24 January 2014, applies to Barker Rinker Seacat Architecture and DHM Design . . . ."

(CR 143–44).

Again, Morzak fails to address the Texas cases holding that a certificate of merit, to be sufficient, must tie a specific defendant to specific tortious conduct. *See supra* Discussion at Section II. As DHM Design explained in its opening

14

brief, the insufficiency of Morzak's June 13th Certificate of Merit is yet another reason why the claims against DHM Design must be dismissed.

## CONCLUSION AND PRAYER

The purpose of section 150.002's certificate of merit requirement is to provide the trial court an expeditious means to determine whether a plaintiff's claims have merit. For the trial court to make this determination properly, the plain language of the statute must be followed: the certificate of merit must, at minimum, identify "the licensed professional" being sued, and the conduct for which he or she being sued. The certificate of merit must also be timely filed. The statute leaves no question that failure to strictly adhere to the statutory requirements results in mandatory dismissal.

The trial court abused its discretion by (1) concluding that the statute does not require that a certificate of merit set forth an act or omission attributable to a particular licensed professional "specifically for each theory of recovery," and (2) concluding that the good-cause exception was available to Morzak and that good cause existed to extend the statutory time-period up to and including June 13, 2014. For these reasons, Appellant DHM Design requests that this Court reverse the trial court's order denying its Motion to Dismiss and instead render judgment dismissing Morzak's claims against DHM Design under Texas Civil Practice &

15

Remedies Code section 150.002(e). Appellant also requests all other relief to which it may be entitled.

Respectfully submitted,

THOMPSON, COE, COUSINS & IRONS, L.L.P.


By: /s/ Sara Berkeley Churchin
    Wade Crosnoe
    State Bar No. 00783903
    E-mail: wcrosnoe@thompsoncoe.com
    Sara Berkeley Churchin
    State Bar No. 24073913
    E-mail: schurchin@thompsoncoe.com

701 Brazos, Suite 1500
Austin, Texas 78701
Telephone: (512) 703-5035
Facsimile: (512) 708-8777

Shawn W. Phelan
State Bar No. 00784758
sphelan@thompsoncoe.com
THOMPSON, COE, COUSINS & IRONS, L.L.P.
Plaza of the Americas
700 N. Pearl Street, Twenty-Fifth Floor
Dallas, Texas 75201-2832
Telephone: (214) 871-8200
Facsimile: (214) 871-8209

ATTORNEYS FOR APPELLANT DHM DESIGN

## CERTIFICATE OF COMPLIANCE

This brief complies with the word limit of Tex. R. App. P. 9.4(i)(2)(B) because it contains 3,598 words, excluding the parts of the brief exempted by Tex. R. App. P. 9.4(i)(1).

/s/ Sara Berkeley Churchin
Sara Berkeley Churchin

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this Appellant's Reply Brief was served on April 20, 2015, via electronic service or email, to the following counsel:

Steve E. Aldous
Forshey & Prostok, LLP
500 Crescent Court, Suite 240
Dallas, Texas 75201
Email: saldous@forsheyprostok.com

Mark Alan Goodman
Fox Rothschild, LLP
Two Lincoln Centre
5420 Lyndon B Johnson Freeway, Suite 1200
Dallas, Texas 75240
Email: magoodman@foxrothschild.com

/s/ Sara Berkeley Churchin
Sara Berkeley Churchin