**Reverse and Render; Dismiss and Opinion Filed June 19, 2015**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-00103-CV

**DHM DESIGN, Appellant**
**V.**
**CATHERINE MORZAK, Appellee**

**On Appeal from the County Court at Law No. 3**
**Dallas County, Texas**
**Trial Court Cause No. CC-14-00798-C**

## MEMORANDUM OPINION

Before Justices Bridges, Brown, and Stoddart
Opinion by Justice Bridges

In this interlocutory appeal, DHM Design (DHM) challenges the trial court's denial of DHM's motion to dismiss Catherine Morzak's claims against it, which are based upon the allegedly negligent design of bleachers at a city park. DHM contends the trial court misinterpreted the statute governing threshold procedures for filing suit against certain professionals, including architects and landscape architects. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 150.002 (West 2011). We agree that Morzak did not comply with the statute's procedural mandates. We reverse the trial court's order denying the motion to dismiss, and we render judgment dismissing Morzak's claims against DHM.

## Background

On May 5, 2012, Morzak attended a baseball game at Breckenridge Park in the City of Richardson. The park has a number of ball fields; each field has a covered grandstand, under which concrete bleachers are located. Morzak alleges the seating area of the bleachers and the stairs that access the bleachers are made of the same concrete material and have no contrasting color to distinguish between the stairs and the seating area. She alleges further that she stepped off the edge of the seating area where it met the stairs and, because she was unable to perceive the change in depth of the risers between the stairs and the seating area, she fell to the bottom of the seating area and sustained serious injuries.

Morzak sought information from the City of Richardson concerning the design and construction of the bleachers. Based on that information, Morzak filed suit against Barker Rinker Seacat Architecture, P.C. (BRS) on February 20, 2014, alleging BRS had negligently designed the seating area and stairway.[1] She attached a certificate of merit to her original petition (the First Certificate) as the statute requires. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 150.002 (discussed below). The First Certificate was prepared by architect Tony DiNicola and supported Morzak's claim that BRS, as the architect of record for the bleachers, had negligently designed the bleachers.

On March 10, 2014—almost two months before the statute of limitations period on Morzak's personal injury suit was to expire—her attorney received information from BRS's attorney indicating that (1) BRS had designed only the roof over the grandstands at the park, and (2) DHM, a landscape architecture firm, had designed the seating area and stairs. On May 5, 2014, Morzak filed her first amended petition, adding DHM as a defendant and alleging DHM

---

[1] Morzak also sued the contractor responsible for building the seating area and stairs, but that claim is not before us in this appeal.

had negligently designed the bleachers. Morzak attached the First Certificate to the amended petition.

DHM answered and filed a motion to dismiss Morzak's claims for failure to file a certificate of merit specifically addressing DHM and its conduct. Morzak filed her response to the motion—which included an alternative request for an extension of time—and her second amended petition. This time, Morzak attached a new certificate of merit, again sworn to by DiNicola, which said the First Certificate applied to both BRS and DHM (the Second Certificate).

DHM filed a second motion to dismiss, arguing Morzak failed to provide a sufficient certificate with her first amended petition and did not timely seek an extension. Following a hearing, the trial court signed an order denying DHM's motion to dismiss and finding good cause existed to extend Morzak's deadline for filing a certificate of merit until June 13, 2014, the date she filed her second amended petition and the Second Certificate.

DHM brings this interlocutory appeal, challenging the trial court's order denying its motion to dismiss. *See id.* § 150.002(f) (providing for interlocutory appeal following grant or denial of motion to dismiss under this chapter).

### Certificate of Merit

On appeal, DHM seeks our resolution of one question: did the trial court abuse its discretion by misinterpreting Texas Civil Practice and Remedies Code section 150.002 and denying DHM's motion to dismiss? DHM argues for an affirmative answer to that question in three issues, contending that (1) Morzak failed to file a certificate of merit contemporaneously with her first petition that asserted claims against DHM, (2) Morzak did not satisfy the statute's two requirements to meet the good-cause exception for an extension, and (3) the Second Certificate that Morzak belatedly filed did not itself meet the statute's requirements. We review

the trial court's denial of DHM's motion to dismiss for an abuse of discretion. *See Morrison Seifert Murphy, Inc. v. Zion*, 384 S.W.3d 421, 424 (Tex. App.—Dallas 2012, no pet.). However, DHM's fundamental question is one of statutory construction, which we review de novo. *See id.* at 425. Our primary objective when construing a statute is to determine the Legislature's intent; when possible, we discern that intent from the plain meaning of the words. *State v. Shumake*, 199 S.W.3d 279, 284 (Tex. 2006).

Chapter 150 of the civil practice and remedies code addresses liability of certain licensed or registered professionals, including architects and landscape architects. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 150.001–150.004 (West 2011 and West. Supp. 2014). In cases that fall within the ambit of this chapter, section 150.002 requires the filing of a certificate of merit. The certificate takes the form of an affidavit from a competent professional and supports the plaintiff's theory of recovery. *See id.* § 150.002 (West 2011). "[T]he purpose of the certificate of merit is to provide a basis for the trial court to conclude that the plaintiff's claims have merit." *Morrison Seifert Murphy, Inc.,* 384 S.W.3d at 425 (quoting *Criterium–Farrell Eng'rs v. Owens,* 248 S.W.3d 395, 399 (Tex. App.—Beaumont 2008, no pet.)). A plaintiff's failure to file an affidavit that complies with section 150.002 "shall result in dismissal of the complaint against the defendant." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 150.002(e).

*Contemporaneous Filing of Certificate*

In its first issue, DHM contends the trial court erred in denying its motion to dismiss because Morzak failed to file a certificate of merit at the time of her first petition asserting claims against DHM. Subsection (a) of section 150.012 speaks to who may make the required affidavit and when it must be filed. DHM has not challenged the qualifications of DiNicola to author the certificate. However, the timing requirement of the statute is critical to DHM's first issue. The relevant portion of the subsection states:

> In any action or arbitration proceeding for damages arising out of the provision of professional services by a licensed or registered professional, the plaintiff shall be required to file *with the complaint* an affidavit of a third-party licensed architect, licensed professional engineer, registered landscape architect, or registered professional land surveyor.

*Id.* § 150.002(a) (emphasis added). This requirement of filing "with the complaint" is referred to later in the statute as "[t]he contemporaneous filing requirement of Subsection (a)." *Id.* § 150.002(c). The requirement of contemporaneous filing means the certificate of merit must be filed when the plaintiff first files a complaint asserting its claim for damages arising out of the provision of professional services. *See JJW Dev., L.L.C. v. Strand Sys. Eng'g, Inc.*, 378 S.W.3d 571, 576 (Tex. App.—Dallas 2012, pet. denied). That first complaint will often be the plaintiff's original petition. However, if the plaintiff files more than one petition in a single action, it must file the certificate of merit with the first petition that raises claims subject to section 150.002's provisions. *TIC N. Central Dallas 3, L.L.C. v. Envirobusiness, Inc.*, No. 05-13-01021-CV, 2014 WL 4724706, at *4 (Tex. App.—Dallas Sept. 24, 2014, pet. denied); *see also Morrison Seifert Murphy, Inc.*, 384 S.W.3d at 423 (denial of motion to dismiss affirmed when plaintiff filed certificate of merit with amended petition that added architect as party); *JJW Dev.*, 378 S.W.3d at 576 (filing of certificate became issue when second amended petition—later superseded by third amended petition—contained first complaints against engineering company).

In this case, Morzak filed her first amended petition, which added DHM as a defendant and made claims against DHM that fell within the ambit of section 150.002. Thus, Morzak was required to file a certificate of merit addressing DHM's conduct with that first amended petition. She did not. Instead, she re-filed the certificate initially filed with her original petition that addressed BRS's conduct. The statute requires that a certificate:

> set forth specifically for each theory of recovery for which damages are sought, the negligence, if any, or other action, error, or omission *of the licensed or registered professional in providing the professional service*, including any error

or omission in providing advice, judgment, opinion, or a similar professional skill claimed to exist and the factual basis for each such claim.

TEX. CIV. PRAC. & REM. CODE ANN. § 150.002(b) (emphasis added). The plain language of the statute requires the certificate to speak specifically to the conduct of the professional who provided the service at issue in the theory of recovery. It is not sufficient to submit a certificate that was drawn and sworn to in reference to another named professional's conduct. The certificate must identify the particular defendant and that defendant's specific conduct. *See id.*; *see also Robert Navarro & Assocs. Eng'g, Inc. v. Flowers Baking Co. of El Paso, LLC*, 389 S.W.3d 475, 482 (Tex. App.—El Paso 2012, no pet.) (dismissing claims based on "collective assertions of negligence"); *Sylva Eng'g Corp. v. Kaya*, No. 03-12-00334-CV, 2013 WL 1748754, at *5 (Tex. App.—Austin April 18, 2013, no pet.) (memo op.) (dismissing claim when certificate attributed conduct at issue only to different defendant).[2]

We conclude Morzak did not comply with the statutory requirement to file a certificate of merit addressing DHM's conduct contemporaneously with her first petition asserting claims against DHM. We sustain DHM's first issue.

*Extension of Time to File Certificate*

In its second issue, DHM argues Morzak did not satisfy the statute's "twin requirements" to meet the good-cause exception for an extension of time to file a certificate of merit that would address DHM's conduct. We agree that the statute's provision for an extension has two prerequisites. It states:

> The contemporaneous filing requirement of Subsection (a) shall not apply to any case in which [1] the period of limitation will expire within 10 days of the date of filing *and*, [2] because of such time constraints, the plaintiff has alleged that an affidavit of a third-party licensed architect, licensed professional engineer,

---

[2] We note that our courts have looked to Texas's Medical Liability Act as "a useful, if imperfect, analogue" to the certificate of merit procedure. *See Crosstex Energy Servs., L.P. v. Pro Plus, Inc.*, 430 S.W.3d 384, 388 (Tex. 2014). An expert report required by that Act is insufficient if it fails to identify the defendant and summarize how the defendant breached the standard of care. *See, e.g., Eichelberger v. St. Paul Med. Ctr.*, 99 S.W.3d 636, 639 (Tex. App.—Dallas 2003, pet. denied).

registered landscape architect, or registered professional land surveyor could not be prepared.

TEX. CIV. PRAC. & REM. CODE ANN. § 150.002(c) (emphasis added). The subsection goes on to say that in "such cases," the plaintiff receives an automatic thirty-day extension from the date of filing the petition to supplement its pleadings with the affidavit. *Id.*

It is undisputed that Morzak filed her first amended petition within ten days of the expiration of limitations on her claim. However, Morzak did not allege in the first amended petition that, because of the approaching expiration of the limitations period, she could not obtain an affidavit in compliance with the statute. The Texas Supreme Court has directed that the exception to contemporaneous filing is dependent on both filing within ten days of the end of the limitations period and alleging that the late filing prevented the preparation of the certificate of merit. *Crosstex Energy Servs., L.P. v. Pro Plus, Inc.*, 430 S.W.3d 384, 390 (Tex. 2014). Absent compliance with both prerequisites, there is no thirty-day extension. And absent compliance that would allow the thirty-day extension, we do not reach the possibility of a further good-cause extension such as the trial court granted in this case. *See id.* ("Thus, we read the good cause exception of section 150.002(c) as flowing from compliance with the remainder of the subsection; it does not stand alone.").

We conclude Morzak did not comply with the statutory prerequisites for an extension of time to file a sufficient certificate of merit in this case. We sustain DHM's second issue.[3]

## Conclusion

We have concluded that Morzak did not timely file an appropriate certificate of merit with her first amended petition. We have concluded further that she was not entitled to an

---

[3] Because we have sustained DHM's first two issues, we need not reach its third issue, which argues the Second Certificate does not meet the statute's substantive requirements. However, because we have addressed the same issue in this opinion in a different context, we note that the Second Certificate does not speak specifically to any conduct of DHM. Instead, it alleges only that the First Certificate "applies to Barker Rinker Seacat Architecture and DHM Design." *See Robert Navarro & Assocs. Eng'g, Inc.*, 389 S.W.3d at 482 (finding "collective assertions of negligence" insufficient to avoid dismissal).

extension of time to file a sufficient certificate. Accordingly, the trial court abused its discretion by denying DHM's motion to dismiss. We reverse the trial court's order denying DHM's motion to dismiss. We render judgment dismissing Morzak's claims against DHM without prejudice. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 150.002(e).


150103F.P05

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DHM DESIGN, Appellant

No. 05-15-00103-CV     V.

CATHERINE MORZAK, Appellee

On Appeal from the County Court at Law No. 3, Dallas County, Texas

Trial Court Cause No. CC-14-00798-C.

Opinion delivered by Justice Bridges.

Justices Brown and Stoddart participating.

In accordance with this Court's opinion of this date, the order of the trial court is **REVERSED** and judgment is **RENDERED** that:

Catherine Morzak's claims against DHM Design are **DISMISSED** without prejudice.

It is **ORDERED** that appellant DHM Design recover its costs of this appeal from appellee Catherine Morzak.

Judgment entered June 19, 2015.